### SALOMA SHAFFER
### · V.
### THE TRAVELERS' INSURANCE COMPANY, ETC.

*Accident Insurance —Condition in Policy—Voluntary Exposure to Unnecessary Danger.*

An attempt to reach the ground from a second story window by means of a strip of ticking selvage, is within a clause of an accident policy, relieving the insurer from liability in case of voluntary exposure to unnecessary danger.

[Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of Vermillion County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GEORGE R. TILTON and W. R. LAWRENCE, for appellant.

Messrs. F. BOOKWALTER and J. B. MANN, for appellee.

CONGER, J. This was an action brought to recover upon a policy of insurance upon the life of Charles Shaffer, in favor of his mother, the appellant.

Shaffer v. The Travelers' Insurance Co.

The policy contained, among others, the following clause: "This insurance does not cover disappearances, nor injuries of which there is no visible mark on body, nor accident, nor death or disability resulting wholly or partly, directly or indirectly, from any of the following causes, or while so engaged or affected: * * * voluntary exposure to unnecessary danger." * * *

Sarah Allison, the woman from whose room deceased attempted to get away at the time he was killed, testified that he came to her room about half past five in the evening; that a few minutes afterward policemen came to her room, hammered at the door with their clubs and demanded admittance, which she refused; that deceased went into the hallway twice to get down by the stairs, then returned and prepared to go out of the front window; that he took a piece of selvage that was lying on the floor, torn from bed-ticking cloth, which was about six inches wide. He tried the strength of it over his knee with both hands, and then under his foot, and then said he knew it would hold him. He then tied it to the leg of a sewing machine sitting near the window, and, holding to the strip, started out of the window to let himself down to the brick sidewalk, about fifteen feet below.

Parties out in the street state that they saw deceased come out of the window and let himself down a foot or two, when the strip of bed-ticking broke and he fell, striking his feet against an iron circle that projected from the store door beneath him, which turned him over so that he struck the walk upon his head, and received such injury as caused his death.

The bare statement of the manner that deceased came to his death brings it, we think, clearly within the clause of the policy of "voluntary exposure to unnecessary danger," and fully justified the trial court in taking the case from the jury and directing them to find for appellee.

A verdict upon such evidence in favor of appellant could not be supported, and therefore the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*