STATE NATIONAL BANK OF ANNAWAN, Plaintiff-Appellant, *v.* KEWANEE NATIONAL BANK, Defendant-Appellee.

(No. 73-179;

Third District—December 28, 1973.

William E. Stewart, of Kewanee, for appellant.

Donald D. Rumley, of Toulon, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, State Bank of Annawan, appeals from a judgment entered by the Circuit Court of Henry County in favor of Defendant-Appellee, Kewanee National Bank, pursuant to a motion for summary judgment.

In December of 1970 Roth Tire Service requested loans of $13,000 from defendant, who had already loaned Roth $40,000, the bank's lending limit. Because of this limit defendant entered into two participation agreements with plaintiff, one for $10,000 and the other $3,000. The first certificate of participation signed by defendant as "Issuing Bank" and issued to plaintiff as "Participant", provided for a participation of $10,000 in loans for $10,000 made by the issuing bank to Roth Tire Service, participant's pro rata share of any funds coming into the hands of the issuing bank to be paid to participant. A similar certificate of participation was also issued for $3,000. Defendant had perfected security interests in Roth's property which included tangible assets and accounts receivable. Roth defaulted on the loans and thereafter defendant sold the assets of Roth, realizing proceeds of approximately $20,000, the net proceeds being $13,873.30. From these proceeds, $3,468 was paid to plaintiff, which defendant claims to be plaintiff's pro rata share of the total loans advanced by both banks which exceeded $54,000.

Plaintiff's complaint contained six counts, the first three relating to the certificate of participation for the $10,000 loan and the last three counts relating to the $3,000 loan. Counts I and IV are based on a breach of defendant's duty to investigate and inform plaintiff of Roth's insolvency. Counts II and V allege defendant breached the participation agreements and III and VI allege breach of promise by defendant's president to pay plaintiff its full amount of loss. It is plaintiff's theory that its participation was $13,000 in loans totaling $13,000 since this is what appeared on the face of the certificates of participation. Plaintiff moved for summary judgment on counts II and V and defendant moved for summary judg-

ment on all counts. The trial court denied plaintiff's motion, but granted summary judgment in favor of defendant on all counts.

■■ Having examined the record, we are of the opinion the court erred in granting defendant summary judgment on counts II and V. In the trial court's opinion on plaintiff's motion for rehearing, the court said it found the certificates of participation to be ambiguous in that there cannot be participation if the total amount of loans is the same amount as plaintiff's participation. We agree that an ambiguity is apparent but do not agree that it is to be resolved as a matter of law. It appears from the pleadings, deposition, and affidavits in this case that there is a genuine issue as to a material fact. (*Clausen v. Ed Fanning Chevrolet, Inc.*, 8 Ill.App.3d 1053, 291 N.E.2d 202.) In a deposition of defendant's president, he states that the certificates should show the full amount of the loans to total $54,000. An affidavit filed in support of defendant's motion states the loans totaled approximately $54,000, while an affidavit filed by plaintiff indicates the total amount in which plaintiff participated was $13,000 as appears in the certificates, the only document in plaintiff's possession.

■■ We believe the question of what was intended in the certificates of participation is a question of fact. From the record fair-minded men could draw different conclusions as to what the parties intended. Summary judgment is particularly inappropriate where the parties seek to draw inferences on questions of intent. (*State Farm Mutual Automobile Insurance Co. v. Short*, 125 Ill.App.2d 97, 260 N.E.2d 415.) We do not by our observations in this opinion intend to indicate any opinion on the merits of the factual controversy, but indicate only that a factual dispute exists which may not be resolved in a summary judgment procedure.

■■ No counter-affidavits were filed by plaintiff in opposition to defendant's motion regarding counts I, III, IV and VI. In view of the affidavit presented in support of defendant's motion and the failure of plaintiff to support its allegations by appropriate counter-affidavits, we believe no questions of fact exist regarding these counts.

Accordingly, the judgment of the Circuit Court of Henry County in favor of defendant on counts II and V is reversed and remanded for further proceedings consistent with the view expressed herein. The judgment of said court on counts I, III, IV and VI in favor of defendant is affirmed.

Judgment affirmed in part and reversed in part and remanded.

SCOTT, P. J., and ALLOY, J., concur.