DECATUR CONSTRUCTION, INC., Plaintiff-Appellant, *v.* CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Defendant-Appellee.

(No. 12191;

Fourth District—February 14, 1974.

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur (Kirtley E. Wilson, of counsel), for appellant.

Kenneth H. Otten, of Nafziger & Otten, of Springfield, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, *Decatur Construction, Inc.,* brought suit against defendant, Central Illinois Public Service Company, to recover the cost of labor and materials for grading and fill work. Defendant's motion for sum-

mary judgment was granted. The plaintiff appeals. The only issue on appeal is whether the trial court properly granted defendant's motion.

This cause arose out of a contract entered into by the litigants for the construction of a metal storeroom, garage, and grading of the adjacent areas. The contract was designated by defendant as Contract No. B-117. It consisted of a contract proper, Standard Specifications of the Contract, and an Addendum No. 1 revising the specifications. The specifications consisted of several parts: General Conditions and Divisions I through IV. Specifically, paragraph 7 of the contract provided that the defendant agreed to pay the plaintiff $35,095 for the performance of Divisions I, II, and IV of the specifications, subject to additions and deductions, and that Division III shall be accomplished on a unit basis. Division III provided that the contractor may submit a bid for the grading work to be completed at the job site. This bid was to be on a unit-cost basis for the stone and any additional fill required, and on an hourly basis for the cost of operating equipment and labor.

The plaintiff submitted separate bids for the primary construction work and the grading; both were accepted by the defendant. In the course of the construction, plaintiff received a payment of $19,125 for the work completed on the structure. On July 26, 1967, the plaintiff submitted to defendant a final voucher for $15,760, which was paid by check, bringing the total adjusted remittance under the contract to $34,885.

On the back of the check tendered to plaintiff appeared the statement: "By the endorsement of this voucher check the payee accepts the amount of the same in full payment of account as set forth on the attached statement." On the attached statement appeared the declaration: "Final payment on Contract No. B-117." Subsequent to receiving this draft, plaintiff attempted to collect $5232 for costs incurred in connection with exterior grading and fill work to the areas adjacent to the construction site. This work was performed by plaintiff and its sub-contractor, Gray's Material Service, pursuant to plaintiff's written bid and verbal modifications thereto which were purportedly accepted by the defendant. The defendant refused to remit the amount requested. As a result, this lawsuit ensued.

In support of its motion, defendant filed two affidavits. In the first affidavit, Theodore L. Herpel, defendant's building construction and maintenance supervisor, stated that he was familiar with Contract No. B-117; that paragraph 5 of the contract in part required that in the case of extra work the contractor must transmit a written notice of any claim for extra compensation to the defendant. Furthermore, defendant did not receive any written notice of a claim for extra work completed by plaintiff as required under paragraph 5. Herpel also stated that defendant

submitted a "final draft" in the sum of $15,760 as a "payment for final 15% of all previous billings on Contract No. B-117 and for extra work" and that said draft was cashed. Attached to the affidavit was the following: a sworn statement from plaintiff as contractor to defendant, signed by Walter J. Kostenski, president of Decatur Construction, Inc., saying that the amount remaining due on the contract was $15,760; the face of the draft made payable to the order of plaintiff for the sum of $15,760; the endorsement side of the draft whereon the endorsement of Mr. Kostenski appears; and the statement stub that was atached to the draft.

Walter J. Kostenski executed a counter-affidavit for plaintiff. In it he stated that he signed the agreement attached to defendant's affidavit; that the sworn statement for final payment on Contract No. B-117 applied to the contract; and that the claim as set forth in the complaint filed by plaintiff is not for work done pursuant to that contract, but rather for additional work as agreed to by the parties. Furthermore, Mr. Kostenski realleged the allegations found in the first amended complaint. It is important to note that in said complaint plaintiff claimed that separate bids on a unit cost basis would be submitted under Division III of plans and specifications for certain exterior grading and fill to be done at the job site; that plaintiff submitted his bid to defendant for the exterior grading and fill work at the same time it submitted its bid for the construction of the metal storeroom and garage; that said bid was accepted by defendant on or about February 21, 1967; and that the defendant then directed plaintiff to proceed with said grading and filling.

In defendant's second affidavit designated Supplemental Affidavit In Support Of Motion For Summary Judgment, the defendant asserted through Mr. Herpel that plaintiff "submitted a revised bid  *  *  *  on the construction  *  *  *  of a certain storeroom and garage, a copy of which revised bid is attached and marked as Exhibit A." Exhibit A includes the breakdown of a contractor's proposed bid on Divisions I, II, and IV. At the bottom of the bid appears a breakdown for Division III— Grading; and attached to said bid appears a Grading Bid Form, itemizing unit cost for materials, cost per hour of operation of equipment, and cost per hour for labor with regard to Division III. The affidavit further states that on May 2, 1967, defendant deleted from the contract Division III—Grading—as it is permitted to do under paragraph 5 of the contract; and that on June 30, 1967, the defendant submitted a Purchase Order No. 25218, which is attached as Exhibit C to the affidavit—to Gray's Material Service to perform the grading and filling on the exterior of the building. The affidavit notes that on September 8, 1967, Gray's Material Service

submitted its invoice for the work in the sum of $7467.29; and that said bill was paid.

The only issue on appeal is whether the record presents a genuine issue of material fact. It does.

■■ The general rule is that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. (*Fooden v. Board of Governors*, 48 Ill.2d 580, 272 N.E.2d 497.) However, the remedy of summary judgment is to be awarded with caution so as not to preempt a right of a trial by jury or the right to fully present a factual basis for a case where a material dispute may exist. (*Oglesbee v. Nathan*, 14 Ill.App.3d 609, 302 N.E.2d 483.) It is clear that the function of a summary judgment proceeding is not to try an issue of fact, but rather to ascertain whether or not there is an issue of fact to be tried. Moreover, the court, when ruling upon a motion for summary judgment, must construe the pleadings, depositions, exhibits, affidavits, and any other documents included therein strictly against the moving party and liberally in favor of the opponent. (*Watson v. Southwest Messenger Press, Inc.*, 12 Ill.App.3d 968, 299 N.E.2d 409.) The trial court improperly granted defendant's motion for summary judgment.

■■ From our review of the pleadings, exhibits and affidavits, we find that several triable issues of fact exist. Plaintiff contends that the grading does not come under Contract No. B-117, whereas the defendant contends that it does. Plaintiff contends that the defendant was given notice of the former's intent to engage in the grading through the revised bid—this constituted notice of a claim for extra compensation. However, defendant argues that it never received notice of a claim for extra compensation. In any case, plaintiff submits that the $34,885 remitted to it by defendant was for the construction of the building and garage, and not for grading services rendered. On the contrary, defendant submits that the $34,885 was the total amount due plaintiff under the contract. It is clear that there are several material factual issues for the trier of fact to consider. The judgment of the circuit court is reversed and this cause is remanded with directions to deny the motion for summary judgment and for further proceedings.

Reversed and remanded with directions.

SIMKINS and TRAPP., JJ., concur.