Hans Anger *et al.*, Plaintiffs-Appellants, *v.* Harry Gottfried, Defendant-Appellee.

(No. 60823;

First District (4th Division)—May 28, 1975.

560

Palmer, Muldoon & Blackman, Ltd., of Chicago (Frank J. Penna, of counsel), for appellants.

Stone, Pogrund & Korey, of Chicago (Martin S. Korey, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, trustees of a pension trust and profit-sharing plan, brought an action seeking a declaratory judgment that the defendant, Harry Gottfried, a former employee, forfeited all rights and benefits in the trust funds as a result of his termination from employment. The trial court granted defendant's motion for summary judgment on March 27, 1974. Thereafter, on June 4, 1974, the court denied plaintiff's motion to amend the complaint and, further, ordered distribution to the defendant of funds due him under the trusts.

The following issues are presented by plaintiffs in this appeal: (1) Whether the trial court erred in granting summary judgment on the pleadings; (2) whether defendant forfeited his rights and benefits, if any, in the pension and profit-sharing trusts; and, (3) whether the trial court erred in denying plaintiff's motion to amend the complaint.

The complaint, filed December 5, 1973, averred that defendant was an employee of the Intrupa Manufacturing Company from January 20, 1968, until August 8, 1973, "at which time his employment was terminated"; that the defendant became a participant in the Intrupa Manufacturing and Associates Pension Trust on October 1, 1969, and a member of the Intrupa Manufacturing Company Employee trust and profit sharing plan on October 31, 1969; and, that the defendant made a demand upon plaintiffs on November 8, 1973, to tender all funds due and owing him under the pension and profit-sharing trusts. Plaintiffs' complaint further alleged that the purpose of the pension trust was to reward employees for loyal service, and that the profit-sharing plan contained a provision for forfeiture of a member's share if discharged from the company's employ "for cause." Finally, plaintiffs alleged that, based on information and belief, defendant violated his fiduciary obligation to the company, thereby forfeiting his right to any share of the funds in the trusts.

Defendant's answer and affirmative defenses, filed on December 9, 1973, denied the allegations with respect to a breach of his fiduciary obligation as an employee of the company. As affirmative defenses, he averred that plaintiffs were estopped from asserting a forfeiture of his interests in the profit-sharing plan by virtue of a partial distribution of $2000 made

to the defendant in September 1973. Further, defendant alleged that the pension trust did not contain a divestment clause and, to the contrary, provided by amendment: "In the event of termination of employment of an employee for any reason other than death or disability prior to retirement, he will be fully 100 percent vested in and entitled to the value of his retirement account." Defendant concluded with the averment that, upon termination of his employment with the company, he became entitled to distribution of his vested interest in the pension trust.

On December 27, 1973, plaintiffs filed an answer to the affirmative defenses, admitting that a payment was made to defendant of $2000 and that there was no divestment provision as to the pension trust. All other averments alleged by the defendant were denied.

Defendant filed a motion for summary judgment on January 14, 1974, which essentially incorporated the allegations made in his answer and affirmative defenses. Attached thereto was the affidavit of Harry Gottfried, stating that he was advised by one of the trustees of the profit-sharing plan that the payment of $2000 was a partial distribution of his vested interest and that the remaining funds due him would be distributed shortly thereafter. Plaintiffs did not file an answer or counteraffidavits in opposition to the motion. On March 27, 1974, the Honorable Arthur L. Dunne granted summary judgment to the defendant and further ordered that the plaintiffs make an immediate distribution to defendant of his vested interests, rights and shares of the pension and profit-sharing trusts.

On May 10, 1974, defendant filed a petition for rule to show cause, predicated upon plaintiff's failure to comply with the court's order to made an immediate distribution to him of funds due under the trusts. In an answer to the petition, filed May 23, 1974, plaintiffs alleged that defendant was too old to participate in the pension plan at the time of his original employment, that defendant's interests should be forfeited due to disloyalty to the company, and that the insurance company which managed the trusts had no record that the board of directors had ever adopted the amendment providing for 100 percent vesting upon the termination of employment.

Thereafter, on June 4, 1974, plaintiffs requested leave of court to amend their complaint by adding a paragraph alleging that the defendant was discharged from his employment for cause. The court denied this motion on the grounds that it was not timely made and further ordered plaintiffs to make distribution to defendant of funds from the pension and profit-sharing trusts in a lump sum to be paid prior to July 1, 1974. Plaintiffs appealed from that order.

The first question we shall consider in this appeal is whether the trial court erred in granting defendant's motion for summary judgment. They

contend that there were sufficient factual issues raised on the pleadings to warrant a full hearing and evidentiary resolution to determine if the defendant forfeited his rights and benefits, if any, in the pension and profit-sharing trusts. We disagree.

■■ The purpose of the summary judgment proceeding is to test whether there exists a genuine issue of material fact and to summarily dispose of those cases wherein no such issue exists. (*Allen v. Meyer* (1958), 14 Ill.2d 284, 152 N.E.2d 576; *Tau Delta Phi, Tau Eta Chapter v. Gutierrez* (1967), 89 Ill.App.2d 25, 232 N.E.2d 205.) The determination of whether there exists any genuine issue of material fact is to be predicated upon the pleadings, depositions, admissions on file, together with affidavits, if any. Ill. Rev. Stat. 1973, ch. 110, § 57(3); *Giampa v. Sunbeam Corp.* (1966), 68 Ill.App.2d 425, 216 N.E.2d 233.

■■■ It is well settled in this State that, where the movant in support of his motion for summary judgment supplies facts which, if uncontradicted, entitle him to judgment, the opposing party cannot rely alone on his complaint or answer even though the complaint and answer standing alone do present a genuine issue of a material fact. (*Pefferle v. Prairie Mills, Inc.* (1966), 72 Ill.App.2d 440, 218 N.E.2d 247; *St. Louis Fire & Marine Insurance Co. v. Garnier* (1960), 24 Ill.App.2d 408, 164 N.E.2d 625.) Further, if facts are well alleged by affidavit and not contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish bona fide issues of fact. *Fooden v. Board of Governors* (1971), 48 Ill.2d 580, 272 N.E.2d 497; *Renieris v. Village of Skokie* (1967), 85 Ill.App.2d 418, 229 N.E.2d 345.

In the instant case, the following documents were before the court at the time summary judgment was granted: Complaint, answer and affirmative defenses; answer to affirmative defenses; defendant's motion for summary judgment, and supporting affidavit. Plaintiffs filed no counteraffidavits. After carefully reviewing these documents, we hold that the trial court's granting of summary judgment was proper.

■■ With respect to defendant's right to benefits under the pension trust, plaintiffs averred in their complaint that the defendant was a participant in the plan. Defendant alleged in his answer and affirmative defenses that the pension trust did not contain a divestment clause, and this allegation was admitted by plaintiffs in their answer. Further, defendant set forth a provision of the trust which stated that employee benefits are fully 100 percent vested upon termination of employment.

We think that the foregoing averments fail to raise a genuine issue of material fact as to defendant's eligibility to participate in the pension trust. Plaintiffs admitted that defendant was a participant in the pension

plan and that it did not contain a divestment clause. They urge in this appeal that an evidentiary hearing should have been held to determine if defendant was ineligible to participate in the plan by virtue of his age and if the amendment providing for 100 percent vesting upon termination of employment was properly adopted by the board of directors. However, these questions were not raised by the plaintiffs until they filed an answer to the petition for rule to show cause, some 2 months after the trial court had granted defendant's motion for summary judgment.

With regards to the profit-sharing trust, defendant set forth as an affirmative defense that a partial distribution in the amount of $2000 was paid to him in September 1973. Further, his uncontradicted affidavit in support of the motion for summary judgment alleged that a trustee of the profit-sharing plan advised him that the balance of his vested interest in the fund would be paid to him shortly thereafter. Plaintiffs admitted that $2000 was paid to defendant and, by their failure to file a counteraffidavit, admitted the assertion with regards to the partial distribution.

Accordingly, we find that there was no genuine issue of material fact with respect to the profit-sharing plan at the time summary judgment was entered. Plaintiffs argue that an evidentiary hearing should have been held to resolve whether defendant was terminated for cause and whether the $2000 payment was approved by the trustees. These questions, however, were not before the trial court at the time summary judgment was entered. Plaintiffs did not raise these questions in their complaint or answer to affirmative defenses and, further, chose not to file counteraffidavits prior to or at the time of the hearing.

■■ In our judgment, the trial court's ruling on defendant's rights under the pension trust was correct in view of the requirements in arriving at a decision on the motion for summary judgment. Moreover, we think that the result it reached was in conformity with the public policy of protecting employee rights under pension, profit sharing and other deferred compensation plans. In implementing this public policy, the Congress of the United States has enacted the Pension Reform Act of 1974. Employee Retirement Income Security Act, 29 U.S.C. 1001 *et seq.* (1974).

■■ Plaintiffs' contention that the trial court erred in denying their motion to amend the complaint is likewise without merit. The allowing of amendments to pleadings is within the sound discretion of the trial court, and its decision will not be disturbed on review unless there is an abuse thereof. Under the circumstances of the instant case, we find no abuse of discretion. *Brainerd v. First Lake County National Bank* (1969), 109 Ill.App.2d 251, 248 N.E.2d 542. See also *Chicago Land Clearance Com. v. Darrow* (1957), 12 Ill.2d 365, 146 N.E.2d 1.

Plaintiffs' motion to amend their complaint was filed on June 4, 1974,

and sought to add an averment that defendant was terminated from his employment for cause. The trial court denied the motion on the grounds that it was not timely filed, and we agree. The motion to amend the complaint was filed approximately 7 months after filing the original complaint for declaratory judgment, 5 months subsequent to the filing of defendant's motion for summary judgment, and some 50 days after the granting of summary judgment to the defendant.

In *Gecht v. Suson* (1971), 3 Ill.App.3d 183, 278 N.E.2d 193, the defendants failed to present any affidavits and documents in opposition to plaintiffs' motion for summary judgment. After the court granted summary judgment to plaintiffs, defendants attempted to file counteraffidavits. The trial court denied leave and the appellate court affirmed, stating:

> "We believe that the record of proceedings demonstrates that defendants were given ample opportunity to prepare and present all affidavits and documents in support of their opposition to plaintiffs' motion. The court did not abuse its discretion in rejecting defendant's affidavits." (3 Ill.App.3d 183, 188.)

Here, the plaintiffs attempted to allege some 50 days after summary judgment was granted that the defendant was terminated for cause. The effect of granting their untimely amendment would have been to reopen the trial court's prior ruling on the motion for summary judgment. Since plaintiffs were given ample opportunity to prepare and present all affidavits and documents in opposition to defendant's motion for summary judgment, but chose not to do so, we find that the trial court did not abuse its discretion in denying the motion to amend the complaint.

In view of the foregoing, we conclude that the rulings of the trial court, in granting summary judgment to defendant and denying plaintiffs' motion to amend the complaint, were proper. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and BURMAN, J., concur.