ROBERT F. LUNDIN, Plaintiff, *v.* EGYPTIAN CONSTRUCTION CO., INC., *et al.*, Defendants.—(COMMUNITY UNIT SCHOOL DISTRICT #300, CARPENTERSVILLE, *et al.*, Defendants and Third-Party Plaintiffs-Appellees, *v.* H. R. STEWART, INC., Third-Party Defendant-Appellant.)

(No. 60536;

First District (2nd Division)—June 17, 1975.

*Rehearing denied July 15, 1975.*

Narusis & Narusis, of Cary (Bernard V. Narusis, of counsel), for appellant.

Richard F. Mack, of Chicago (Francis W. Gulbranson, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from a third-party action filed in the circuit court of Cook County by defendants and third-party plaintiffs-appellees (plaintiffs), Community Unit School District #300, Carpentersville; Egyptian Construction Co., Inc.; and Bradley & Bradley, Inc., against third-party defendant-appellant (defendant), H. R. Stewart, Inc. Several months after defendant's motion for summary judgment had been denied, plaintiffs moved for summary judgment. The trial court, after affidavits and counter-affidavits had been filed and after hearing argument, granted

plaintiffs' motion and entered summary judgment in favor of plaintiffs against defendant. Defendant now appeals from the entry of summary judgment in favor of plaintiffs.[1]

The pleadings and affidavits disclose the following: On December 18, 1968, defendant, H. R. Stewart, Inc., submitted a bid to plaintiff, Egyptian Construction Co., Inc. (Egyptian), to do the plumbing work in connection with the construction of two schools in which Egyptian was the general contractor. The bid was made according to the "plans and specifications" required for the two jobs.[2]

Stewart's bid was evidently orally accepted, and Stewart commenced work on the projects on January 26, 1969. At that time, there was no written contract between the parties.

On April 4, 1969, Egyptian sent to Stewart a "Confirming Order" containing an indemnity agreement. In short, the indemnity agreement provided that Stewart would defend and indemnify plaintiffs against all suits and claims brought against plaintiffs arising out of the work performed by Stewart. The confirming order was apparently intended by Egyptian to be the written embodiment of the earlier agreed upon oral terms. It contained the following provision: "Signed order must be returned within 10 days." However, Stewart neither signed nor returned the confirming order.

Despite its failure to sign or return the order, Stewart continued to work on the projects and periodically submitted bills to Egyptian which Egyptian paid. Work continued until May 29, 1970, when Stewart submitted its final "recap" on the projects.

On November 5, 1969, Robert Lundin, an employee of Stewart, was injured while working on the school projects. In 1970, Lundin brought suit against the third-party plaintiffs to recover for his personal injuries. Third-party plaintiffs filed a third-party action against Stewart based in part on the alleged indemnity agreement.[3]

On October 18, 1973, defendant's motion for summary judgment, based on the theory that the confirming order was never signed and thus de-

---

[1] Although defendant's brief states that this appeal is taken from both the denial of defendant's motion for summary judgment and the entry of summary judgment in favor of plaintiffs, that is clearly not the case. Defendant's notice of appeal specifically referred to only the order of April 10, 1974, that is, the order granting summary judgment for plaintiffs. Consequently, the trial court's earlier denial of defendant's motion for summary judgment is not before us.

[2] Neither party has included those "plans and specifications" in the present record, nor has either party attempted to explain what the "plans and specifications" contained.

[3] The third party complaint was in two counts. However, the only count now before this court is the one based on the indemnity agreement.

fendant owed plaintiffs no duty to indemnify, was denied by the trial court.

On April 10, 1974, plaintiffs' motion for summary judgment based on the indemnification agreement contained in the confirming order was granted by the trial court. It was plaintiffs' theory that defendant had adopted the terms of the written confirming order even though unsigned, by continuing to work on the projects subsequent to receipt of the confirming order. It is that order which is now before us.

The sole issue raised by this appeal is whether the trial court properly entered summary judgment based on the theory that the confirming order of April 4, 1969, conclusively established the terms of the agreement between the parties. That determination will turn on the significance given to the act of defendant in continuing performance of the work after receipt of the confirming order. Plaintiffs argue that there is no dispute as to defendant's conduct after receipt of the confirming order and that, as a matter of law, this conduct manifested a consent to the terms of the confirming order. Defendant argues that its performance after receipt of the confirming order did not imply consent to the confirming order but, rather, was performance pursuant to the earlier oral agreement.

■■ Summary judgment should be allowed only if there is no genuine issue as to any material fact and the moving party is entitled to the judgment as a matter of law. (*Greenwood v. Leu*, 14 Ill.App.3d 11, 302 N.E.2d 359.) When ruling on a motion for summary judgment, the court must construe the pleadings, exhibits and affidavits included therein strictly against the moving party and liberally in favor of the opponent. (*Decatur Construction, Inc. v. Central Illinois Public Service Co.*, 16 Ill.App.3d 1056, 307 N.E.2d 431.) Summary judgment is a drastic method of disposing of litigation, and the right of a party to invoke the remedy must be free from doubt. (*Hendricks v. Deterts*, 13 Ill.App.3d 976, 301 N.E.2d 625.) Where any doubt exists as to the right of the moving party to entry of summary judgment, the wiser judicial policy is to permit resolution of the dispute by trial rather than by summary judgment. *Wegener v. Anna*, 11 Ill.App.3d 316, 296 N.E.2d 589.

■■ Plaintiffs argue that the trial court correctly concluded that there was no triable issue of fact since defendant admits continuing to work on the projects after receipt of the confirming order. Plaintiffs contend that even though defendant never signed the confirming order, defendant's acts and conduct after receipt of the order can result in only one legal conclusion, the defendant impliedly agreed to the terms of the confirming order. Plaintiffs rely on *Memory v. Niepert*, 131 Ill. 623, 23 N.E. 431. In *Memory*, the plaintiff, in a writing signed by him, offered to pur-

chase certain goods from the defendant. Although defendant never signed that writing, his later course of conduct indicated his assent to its terms. The court concluded that a party who accepts and adopts a written contract, though not signed by him, should be deemed to have fully assented to its terms and conditions, and is therefore bound by them. While we agree with plaintiffs that a course of conduct may act as consent to a contract, it must be clear exactly what contract the conduct relates to. In *Memory,* there was only one possible contract before the court and thus, the court had no difficulty in determining what contract the party's conduct manifested an assent to. In the instant case, there was already an existing contract, the earlier oral agreement, between the parties when defendant received the confirming order. Plaintiffs have offered no evidence that defendant's conduct was related specifically to the written confirming order rather than the already existing oral contract. In a motion for summary judgment, plaintiffs were obligated to bring forth all facts required to meet their burden of proof. (*Snead v. Forbes, Inc.,* 2 Ill.App.3d 22, 275 N.E.2d 746.) This plaintiffs have failed to do. In the absence of any proof to the contrary, it is just as logical to conclude that defendant was performing pursuant to the oral agreement as to conclude that it was performing pursuant to the confirming order. And since on a motion of summary judgment, all inferences are to be resolved against the moving party (*Patterson v. Stern,* 88 Ill.App.2d 399, 232 N.E.2d 7), we must assume that defendant was performing pursuant to the existing oral contract and was not assenting to the terms of the confirming order.

Moreover, defendant specifically denied that it was performing pursuant to the confirming order. In an affidavit filed in opposition to plaintiffs' motion for summary judgment, defendant stated that it completed construction on the projects pursuant to the oral agreement, not the confirming order. Thus, defendant has specifically put into issue the inference to be drawn from its work on the projects subsequent to receipt of the confirming order. Summary judgment is particularly inappropriate where, as here, the parties seek to draw inferences on questions of intent. *State National Bank v. Kewanee National Bank,* 16 Ill.App.3d 272, 305 N.E.2d 732.

■■ Having concluded that defendant's conduct cannot, as a matter of law, be construed as acceptance of the terms of the confirming order, we now turn to the terms of the earlier oral agreement. As noted above, neither party has included the terms of that oral agreement in their pleadings or affidavits. It is thus impossible to now determine, on the basis of this record, whether the indemnity agreement upon which plaintiffs rely was included in the oral agreement. Without such information,

there was no basis in the record for a summary determination that defendant's conduct manifested an assent to the terms of that indemnity agreement. In short, plaintiffs failed to allege or prove even the existence of an indemnity agreement in the oral contract, much less that defendant assented to any such agreement.

■■ Moreover, in a counter-affidavit, defendant stated that the earlier oral agreement was based on the "plans and specifications" required for the projects and that the "plans and specifications" did not include any indemnity agreement. Plaintiffs have done nothing to contest this allegation. It is clear that where opposing affidavits present a contested issue of fact, summary judgment is improper; rather, the court is obligated to try the contested issue. (*Ferro v. Daros*, 333 Ill.App. 386, 77 N.E.2d 566.) In the instant case, defendant has directly put in issue the essential allegation of fact. As such, summary judgment was improper.

Plaintiffs have failed to establish either that defendant's conduct manifested an assent to the written confirming order rather than to the earlier oral agreement or that the earlier oral agreement contained the alleged indemnity agreement. Since plaintiffs' right to summary judgment was not free from doubt on the basis of this record, it was error to grant summary judgment in their favor. *Gabriel v. Suess*, 10 Ill.App.3d 178, 294 N.E.2d 88.

It must be emphasized that this decision is not meant to express any opinion as to the merits of the factual controversy presented. We hold only that a triable issue of fact was presented by the pleadings and affidavits.

Accordingly, the order of the circuit court is reversed and the cause remanded for proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

DOWNING, P. J., and LEIGHTON, J., concur.