CASMIR LESNIK, Plaintiff-Appellant, *v.* THE ESTATE OF ANASTASIA LESNIK *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 78-1636

Opinion filed March 31, 1980.

Clifford A. Silverman, of Levine, Krupa, Wittenberg, Eisner, Newman & Silverman, of Chicago, for appellant.

Sidney Z. Karasik, of Chicago, for appellees.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Casmir Lesnik, brought this action in chancery challenging an *inter vivos* transfer of property into a land trust by his deceased wife, Anastasia. The trial court entered summary judgment in favor of the defendants and the plaintiff appealed.

Count I of plaintiff's amended complaint set forth the following allegations. The plaintiff and Anastasia were married in 1971 and lived together as husband and wife until her death in 1976. In 1969, Anastasia created a land trust with the Union National Bank of Chicago as trustee. Pursuant to the terms of the agreement, Anastasia owned the sole beneficial interest in the trust and possessed the power of direction. The agreement also provided that Anastasia's children by a prior marriage, Virginia Zbos and Dennis Sopata, would acquire the beneficial interest in the trust upon Anastasia's death.

In 1975 Anastasia purchased a parcel of real estate in Homewood, Illinois, which was conveyed into the existing land trust. The property was the marital home of the parties until Anastasia's death. The plaintiff alleged that the purpose of the conveyance into the trust was to defraud him of his statutory marital rights as surviving spouse.

In count II the plaintiff alleged that several weeks prior to her death, Anastasia promised to amend the trust agreement in order to name the plaintiff as a joint tenant with the right of survivorship to the beneficial interest. The plaintiff sought specific performance of this oral promise.

Defendants Zbos and Sopata moved the court for summary judgment in their favor. Zbos' affidavit, which accompanied the motion, stated that the original subject matter of the trust was three parcels of property. In 1975 Anastasia sold the beneficial interest in one parcel, her residence in Chicago. With the proceeds of this sale and a $15,000 mortgage, Anastasia purchased the Homewood property.[1] The plaintiff did not contribute toward the purchase price, mortgage payments or real estate taxes on the property, and he did not obligate himself on the mortgage note. Zbos further stated that she made all mortgage payments on behalf of her mother. Copies of her cancelled checks payable to the mortgagee were attached to the affidavit.

The defendants also filed with the court the transcript of the discovery deposition of the plaintiff. In his deposition the plaintiff admitted that the decision to sell the Chicago residence and purchase the Homewood property was made by Anastasia and her two children and that he was not consulted concerning the sale. He further admitted that he did not contribute any funds toward the purchase of the property.

The defendants asserted in their motion for summary judgment that because the trust was created prior to the parties' marriage, it could not have been established to defraud the plaintiff of his marital rights as a surviving spouse. They argued that the change of the trust *res* from the Chicago property to the Homewood property did not create any marital rights in the plaintiff.

The plaintiff responded to the motion by arguing that the factual issue of Anastasia's intent to defraud him of his marital rights precluded the granting of summary judgment. However, the plaintiff filed no counteraffidavit. The plaintiff also filed a motion for judgment on the pleadings.

On June 19, 1978, the trial court entered its judgment finding that the trust was created prior to the marriage of the parties, that the terms of the trust had not been altered since the time of its creation and that there was no evidence of fraud in the replacement of the trust *res*. The court entered the defendants' motion for summary judgment and denied the plaintiff's motion for judgment on the pleadings.

■■ The first issue presented for review is whether the trial court erred in granting defendants' motion for summary judgment as to count I of the

---

[1] Although the motion for summary judgment alleges that Anastasia sold all three parcels of property and used the proceeds therefrom to purchase the Homewood property, Zbos' affidavit states that Anastasia sold only the one parcel.

amended complaint. Summary judgment is properly granted when the pleadings, depositions and admissions on file, together with any affidavits, establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3); *Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535; *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 393 N.E.2d 725.) The right of the movant to summary judgment must be free from doubt, and any evidence in support of the motion must be strictly construed against the moving party. (*Olsen v. Karwoski* (1979), 68 Ill. App. 3d 1031, 386 N.E.2d 444.) A court should grant summary judgment with caution so as not to preempt a litigant from presenting the factual basis of his case to the trier of fact. *Olsen v. Karwoski.*

Count I alleged that Anastasia conveyed the Homewood property into the land trust in order to deprive the plaintiff of his statutory marital rights as a surviving spouse.

In Illinois it has always been the law that an owner of property has the absolute right to dispose of his property during his lifetime in any manner he desires. Moreover, he may do so despite the fact that the transfer is for the express purpose of minimizing or defeating the statutory marital interests of the surviving spouse. (*Johnson v. LaGrange State Bank* (1978), 73 Ill. 2d 342, 383 N.E.2d 185; *Toman v. Svoboda* (1976), 39 Ill. App. 3d 394, 349 N.E.2d 668.) The only exception to this rule occurs when the transaction is "colorable" or "illusory" and is tantamount to a fraud. *Johnson v. LaGrange State Bank*; *Holmes v. Mims* (1953), 1 Ill. 2d 274, 115 N.E.2d 790.

In *Johnson v. LaGrange State Bank* the supreme court clarified what is meant by fraud in cases involving the marital rights of the surviving spouse. The court held that an *inter vivos* transfer of property is valid as against the marital rights of the surviving spouse unless the transaction is tantamount to a fraud as manifested by the absence of donative intent to make a conveyance of a present interest in the property conveyed.

The difficulties in determining the intent of a decedent in connection with an *inter vivos* transfer of property are readily apparent. (*Montgomery v. Michaels* (1973), 54 Ill. 2d 532, 301 N.E.2d 465.) Whether the decedent possessed the requisite donative intent must be determined from the particular facts in each case. (*Johnson v. LaGrange State Bank*; *Burnet v. First National Bank* (1957), 12 Ill. App. 2d 514, 140 N.E.2d 362.) In *Johnson*, which also involved an *inter vivos* transfer of property into a trust, the court considered the amount of control and the interest retained by the settlor, the wealth of the surviving spouse and of the beneficiaries of the trust, the formality of the trust agreement and the assistance of counsel in the establishment of the trust. Additional factors considered relevant by the court in *Toman v. Svoboda* for determining donative

intent were the secretive manner in which the donor acted as to the surviving spouse, statements by the donor concerning his intent in making the apparent gift and the proximity in time between the transfer and the donor's death.

The plaintiff argues that a factual question exists concerning Anastasia's donative intent at the time she conveyed the Homewood property into the land trust in 1975.[2] He correctly states that summary judgment is an inappropriate remedy when a party seeks to draw inferences on the question of intent. (*Lundin v. Egyptian Construction Co.* (1975), 29 Ill. App. 3d 1060, 331 N.E.2d 208; *State National Bank v. Kewanee National Bank* (1973), 16 Ill. App. 3d 272, 305 N.E.2d 732.) However, it is also the law that unsupported allegations in a complaint do not raise a question of fact when affidavits and depositions in support of a motion for summary judgment contain evidentiary facts to the contrary. *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

The plaintiff's amended complaint contains the unsupported allegation that Anastasia conveyed the property into the trust in order to defraud him. It sets forth no facts from which we can infer an absence of donative intent. See *Payne v. River Forest State Bank & Trust Co.* (1980), 81 Ill. App. 3d 1128, 401 N.E.2d 1229.

Defendant Zbos' affidavit contains facts which would establish that Anastasia intended to make a present gift of a future interest to her children. Anastasia established the land trust seven years prior to her death and at no time altered the terms of the trust. During this period, her children were involved in the management of the trust *res* as evidenced by their participation in the decision to sell the Chicago property and to purchase the Homewood property. Moreover, Zbos made all the mortgage payments on the Homewood property. Because the plaintiff filed no counteraffidavit to contradict Zbos' statements, her affidavit must be taken as true. *Baird & Warner, Inc. v. Stuparits* (1977), 53 Ill. App. 3d 338, 368 N.E.2d 748; *Anger v. Gottfried* (1975), 29 Ill. App. 3d 559, 331 N.E.2d 576.

The plaintiff's contention that the pleadings present a factual question is based solely on the unsupported allegation in his complaint. Conclusions, unsupported by facts admissible in evidence, do not create a genuine material issue of fact. (*Greenberg v. Goodman* (1977), 52 Ill. App. 3d 258, 367 N.E.2d 304.) The plaintiff's pleadings are, therefore, not

---

[2] We disagree with the defendants' argument that we must only consider Anastasia's donative intent in 1969 when the trust was created and the original three parcels of property were conveyed into the trust. They argue that the conveyance of the Homewood property was not an addition to the trust but merely a replacement of the trust *res*. The defendants cite no authority for their theory of replacement of trust *res*, and we decline to adopt it.

sufficient to raise a material issue of fact as to preclude entry of summary judgment. The trial court properly granted the defendants' motion for summary judgment as to count I and properly denied the plaintiff's motion for judgment on the pleadings.

The second issue presented for review is whether the trial court erred in granting the defendants' motion for summary judgment as to count II of the amended complaint. Count II alleged that Anastasia made an oral promise to amend the trust agreement in order to name the plaintiff as a joint tenant with the right of survivorship to the beneficial interest. The consideration for said promise was "the love and affection that existed over the years, and Plaintiff's promise to continue to be a kind, loving and affectionate husband."

■ Whether there is consideration for an agreement is a question of law. (*Abrams v. Awotin* (1944), 388 Ill. 42, 57 N.E.2d 464.) The plaintiff admits that the only consideration for Anastasia's promise was his past and future love and affection. However, because love and affection are not subject to sale, a promise founded upon these considerations is not enforceable and cannot be the foundation for a legal action. (*Schwerdt v. Schwerdt* (1908), 141 Ill. App. 386, *aff'd* (1908), 235 Ill. 386, 85 N.E. 613; 1A Corbin on Contracts §232, at 350-52 (1963).) The trial court properly granted the defendants' motion for summary judgment as to count II.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.