THOMAS E. McDANIEL, JR., *et al.*, Plaintiffs-Appellants, *v.* COUNTRY LIFE INSURANCE COMPANY, Defendant-Appellee.

Fourth District    No. 16533

Opinion filed February 26, 1981.

S. Craig Smith, of Dillavou, Overaker, Asher & Smith, of Paris, for appellants.

Randolph M. Rich, of Meehling & Rich, of Marshall, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Plaintiffs are the beneficiaries of a life insurance policy on the life of Phillip Winkler, who perished in an accident on September 26, 1979. The defendant paid over the face amount of the policy but refused to pay over an additional amount as an accidental death benefit. Plaintiffs sued for this latter amount and the circuit court of Edgar County, after appropriate pleadings were filed, entered summary judgment for the defendant. Plaintiffs appeal, and we affirm.

The controversy centers about an exclusion in the policy which provides that the accidental death benefit is not payable where the insured's death results directly or indirectly from "committing an assault or felony." Defendant claims that the decedent was engaged in a felony at the time of his death, and therefore there is no coverage under the accidental death benefit.

To support its claim, defendant presented to the trial court three

affidavits from police officers of the State of Indiana, and excerpts from the criminal laws of that State. Plaintiffs presented no counteraffidavits.

The affidavits all corroborate each other and may be summarized as follows: Officer #1 observed a motorcycle which disregarded an automatic traffic control signal, and then proceeded at a high rate of speed on Indiana State Highway 63 in Vigo County, Indiana. He activated his emergency lights and siren, and gave chase at speeds in excess of 110 mph. The cycle had two persons on board, the driver and a passenger. The officer radioed for assistance and officer #2 attempted a roadblock with his vehicle, but the cycle swerved around it and proceeded further with both officers in pursuit. This chase was also at speeds in excess of 100 mph. Officer #3 also set up a roadblock with his vehicle and the cycle crashed into it at high speed. The driver was thrown approximately 84 feet through the air and was dead at the scene in Vigo County. Identification on his person revealed that he was Phillip Winkler. The passenger was thrown about 140 feet and suffered severe injuries to the lower part of the body. Defendant also presented to the trial court excerpts from Burns Indiana Statutes Annotated. These read as follows, with the section headings as indicated:

"Resisting law enforcement.—A person who knowingly or intentionally:

\* \* \*

(3) Flees from a law enforcement officer after that officer has, by visible or audible means, identified himself and ordered the person to stop; commits resisting law enforcement, a class A misdemeanor. However, the offense is a class D felony if, while committing it, the person draws or uses a deadly weapon or inflicts bodily injury on another person." Ind. Code Ann. §35—44—3—3 (Burns 1979).

"Criminal recklessness.

\* \* \*

(b) A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a class D felony." Ind. Code Ann. §35—42—2—2 (Burns 1979).

"Battery.—A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class B misdemeanor. However, the offense is:

\* \* \*

(3) A class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon." Ind. Code Ann. §35—42—2—1 (Burns 1979).

Based upon the evidentiary affidavits and the statutory excerpts, the

defendant claimed that Phillip Winkler was in the commission of a felony at the time of his death and therefore the exclusion applied. Plaintiffs offered no counteraffidavits or other matter, but claimed that there was no showing of Winkler's intent at the time of his death, nor during the events leading up to it, and therefore defendant had not established a felony. Plaintiffs did not dispute the facts nor the statutes, nor do they do so here. Their argument is that the trial court had to determine the state of mind of the decedent in order to reach its conclusion and therefore made an inference from the undisputed facts. They cite prior authorities that questions of intent are inappropriate in cases of summary judgment.

We do not read the rule quite so broadly. It applies when the question of intent is disputed. In *Dixie Square Thom McAn, Inc. v. Dixie Square Management Co.* (1977), 55 Ill. App. 3d 619, 370 N.E.2d 1256, cited by plaintiffs, affidavits and counteraffidavits were presented as to the intent of the parties when they entered into a contract for lease of a store property in a shopping mall. The ultimate holding in that case was that the plain provisions of the contract controlled, apart from any question of intent.

In *State National Bank v. Kewanee National Bank* (1973), 16 Ill. App. 3d 272, 305 N.E.2d 732, there were likewise affidavits and counteraffidavits disputing questions of intent and the court held that when such matters were in dispute, summary judgment was inappropriate. However, the court affirmed summary judgment for the defendant on certain counts where one of the parties had filed no counteraffidavits.

Other cases in the same area of the law are *Schuster v. East St. Louis Jockey Club, Inc.* (1976), 37 Ill. App. 3d 483, 345 N.E.2d 168, and *State Farm Mutual Automobile Insurance Co. v. Short* (1970), 125 Ill. App. 2d 97, 260 N.E.2d 415. In each of these cases the question of intent was disputed and summary judgment was held inappropriate.

■■ It is incumbent on the nonmoving party in a summary judgment proceeding to present some factual basis which would arguably entitle him to a judgment in the event the motion were ·denied. In *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 166, 340 N.E.2d 184, 185, the court said:

> "* * * While plaintiff is not required to prove his case at this preliminary stage, he is under a duty to present some factual basis that would arguably entitle him to a judgment under the applicable law. * * * Plaintiff may rely upon the reasonable inferences which can be drawn from the facts considered on the motion for summary judgment in determining whether a genuine issue of material fact exists. [Citation.]"

■■ The court found in *Gehrman* that the plaintiff presented no specific facts nor could any reasonable inference be drawn from the record which would create a triable issue of fact. The same situation obtains in the case

at bar. Plaintiffs have presented no facts and no reasonable inference can be drawn which would indicate that Phillip Winkler did anything but knowingly, or recklessly, injure his passenger while fleeing an officer. It is also a reasonable inference from the record that he was guilty of criminal recklessness under Indiana law. In either event, he was guilty of a felony under those laws.

An analogous case is *Shaffer v. Travelers' Insurance Co.* (1889), 31 Ill. App. 112. In that case, the court was called upon to interpret an exclusion in an insurance policy dealing with voluntary exposure to unnecessary danger. The decedent died while attempting to escape law enforcement officers by climbing out of a second-story window by means of a knotted sheet. Apparently the sheet parted and he fell to his death. The court said:

> "The bare statement of the manner that deceased came to his death brings it, we think, clearly within the clause of the policy of 'voluntary exposure to unnecessary danger,' and fully justified the trial court in taking the case from the jury and directing them to find for appellee." 31 Ill. App. 112, 113.

For the foregoing reasons the order of the circuit court of Edgar County granting summary judgment to the defendant is affirmed.

Affirmed.

MILLS and GREEN, JJ., concur.