RAE B. S. TWIGG, Plaintiff, *v.* CHARLES E. TWIGG,
Defendant.

(Supreme Court, Kings Special Term, November, 1921.)

Judgment — motion for summary judgment — moving affidavit
held insufficient — practice of submitting successive affidavits
disapproved — Rules of Civil Practice, rule 113.

Where to a complaint alleging an account stated the answer
is a general denial, the case is not within rule 113 of the Civil

Practice Rules, and a motion by plaintiff for summary judgment will be denied.

Upon a motion for summary judgment under rule 113 of the Civil Practice Rules the practice of submitting successive affidavits, piecing and stringing out the assumed right to such a judgment, resolves itself into a trial by affidavit and creates a condition which ought not to obtain, and is, therefore, of doubtful propriety.

MOTION for summary judgment under rule 113, Rules of Civil Practice.

James M. Fawcett, for plaintiff.

Robert H. Elder, for defendant.

KAPPER, J.  Plaintiff moves for a summary judgment under rule 113, Civil Practice Rules. The complaint alleges a cause of action upon an account stated. The answer is a general denial. Rule 113 provides that when an answer is served in an action to recover a debt or liquidated demand arising on a contract " the answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action, unless the defendant by affidavit or other proof shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend." The affidavit upon which the motion is based adds nothing to the complaint, for it simply declares that the defendant " is justly and truly indebted " to plaintiff in the sum stated in the complaint " and was so indebted at the commencement of this action." And then is added the following: " The particulars of the said sum appear upon the complaint in this

action and constitute an account stated between the plaintiff and the defendant made on the 7th day of December, 1919; that she verily believes that there is no defense on the part of the defendant to this action.'' The defendant's affidavit is equally meagre in that it does little more, if anything, than to reassert the general denial of the answer. This affidavit avers the following: '' I ask the court to deny plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice for these reasons: (1) The allegation in the complaint that plaintiff and I stated an account upon which a balance of $6,107.98 was found to be due from me to her is untrue. (2) The allegation in the complaint that I ever promised to pay plaintiff the sum of $6,107.98 is untrue. (3) It is not true that I owe plaintiff the sum of $6,107.98.'' Plaintiff, upon receipt of defendant's affidavit, submitted an additional affidavit going into greater detail as to the specific items of the claim or purported account. I doubt the propriety of such a practice, as successive affidavits piecing out and stringing out the assumed right of summary judgment resolves itself into a trial by affidavits and creates a condition which I do not think ought to obtain. But, waiving that consideration, on the material point upon which I think this motion must turn, I do not find anything more in this second affidavit of plaintiff to establish an *account stated* than is contained in the preceding papers. It must be borne in mind that the action is not brought for the balance due upon an account, but is based upon the claim that the parties have stated an account or have duly agreed upon the balance due and owing. '' The mere rendering of an account by one party to another is not sufficient to make it an account stated. For that purpose there must be either the actual statement and adjustment of the account by the parties,

by going over the items together and striking the balance, or an admission by one party of the correctness of the balance struck by the other, or some other evidence to show that the party sought to be charged has by his language or conduct admitted the correctness of the account." 1 C. J. 680. Tested in the light of the quoted rule of law, this case presents nothing more, in my opinion, than an assertion of an account stated by plaintiff and an equally efficacious denial thereof by the defendant. In these circumstances I do not think that a case within rule 113 has been made out. It has long been the law of this state that a general denial cannot be stricken out as sham. It is not necessary to decide in this case whether upon a proper showing by plaintiff summary judgment may be ordered, notwithstanding a general denial. A case undoubtedly will arise wherein the value of a general denial upon an application for summary judgment will have to be tested, but this does not seem to me to be such a case. Under the English rules of practice, from which our rule 113 has been derived, the value of a general denial has been stressed so as to render it exceedingly difficult to obtain a summary judgment in the face of such a denial. For instance, in *Lloyd's Banking Co. (Limited)* v. *Ogle,* 34 L. T. Rep. (N. S.) 584, 586, Bramwell, B., said: " It seems to me that the statute \* \* \* was intended to apply to such cases as, almost upon the admission of the defendant, are undefended causes, and where a plea, if it should be put in, could be for the purpose of delay only; and that it was not intended to apply to cases where the defendant might reasonably say, ' I do not know whether your (the plaintiff's) case is a well founded one or not, and I require you to prove it against me.' " That view was reiterated by the same judge in *Thompson* v. *Marshall,* 41 L. T. Rep. (N. S.) 720. In *Jones* v. *Stone,*

70 L. T. Rep. (N. S.) 174, Lord Halsbury said: " The proceeding established by that order is a peculiar proceeding, intended only to apply to cases where there can be no reasonable doubt that a plaintiff is entitled to judgment, and where, therefore, it is inexpedient to allow a defendant to defend for mere purposes of delay." And in *Codd* v. *Delap*, 92 L. T. Rep. (N. S.) 510, Lord James stated: " I wish to add that I think Order 14 is a very useful process indeed, but it has to be used with great care, and must never be used unless it is clear that there is no real substantial question to be tried."

Motion denied, with ten dollars costs.