Nellie Conrad, Appellant, v. A. F. Beaubien, Appellee.

Gen. No. 10,206.

Opinion filed April 20, 1948. Released for publication May 10, 1948.

VOGEL & BUNGE, of Chicago, for appellant; L. H. VOGEL, GEORGE C. BUNGE and FORREST S. BLUNK, all of Chicago, of counsel.

WERNER W. SCHROEDER, of Chicago, and A. F. BEAUBIEN, of Waukegan, for appellee; THEODORE W. SCHROEDER, of Chicago, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On March 20, 1945, the plaintiff, Nellie Conrad, filed her complaint against the defendant, A. F. Beaubien, for an accounting in the circuit court of Lake county. The defendant filed an answer to which the plaintiff did not file a reply. On January 30, 1947, the defendant made a motion, supported by his affidavit, with many exhibits attached thereto, for summary judgment in his

favor, under section 57 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 181; Jones Ill. Stats. Ann. 104.057]. Defendant also filed a supplementary affidavit. The plaintiff filed her affidavit in opposition to the motion and affidavit of the defendant. Thereafter, the plaintiff took the deposition of the defendant before a notary public and then filed her supplementary affidavit. On August 22, 1947, the court rendered a decree solely on the pleadings, and the affidavits of the parties. The plaintiff has appealed and contends that the court erred in sustaining the motion for summary judgment as a matter of law, and also in finding that the defendant has fully and completely accounted to the plaintiff, as to all matters and things alleged in subparagraphs b, c, d, and e of paragraph 7 of the complaint.

A summary of the complaint follows. The defendant is an attorney-at-law with offices in Waukegan. That plaintiff is a daughter of Robert Dady; that shortly after the death of Robert Dady, on June 10, 1919, plaintiff engaged defendant as her attorney to represent her in connection with the estate of her father, and plaintiff was appointed administratrix of his estate; that the defendant advised and made investments for plaintiff, both individually and as such administratrix. There is a charge in the complaint that the defendant retained in his possession all the personal assets and property constituting the plaintiff's distributive share of the estate or Robert Dady, deceased; that after the death of Robert Dady, on June 10, 1919, and until approximately the year 1933, defendant acted as attorney and agent for plaintiff, and plaintiff from time to time paid large sums of money to the defendant, at the defendant's suggestion and request, to be invested by the defendant for, and on behalf of the plaintiff; and also from time to time delivered securities to the defendant, at his suggestion and request, for management, collection, or reinvestment on plaintiff's behalf; that the

moneys and securities so paid and delivered to the defendant by the plaintiff, include:

(Paragraph 7): (a) List of 31 payments to the defendant between November 22, 1922, and October 18, 1928, totaling $140,671.89.

(b) Holly notes, aggregating $18,500 in principal amount, delivered to the defendant for collection on, or about December 15, 1925.

(c) The sum of $18,000 paid to the defendant by plaintiff in approximately the year 1932, for investment on plaintiff's behalf in McHenry county, Illinois.

(d) The sum of $8,000 for investment by the defendant on plaintiff's behalf in the so-called Glendale lots, paid to defendant on to-wit, July 13, 1923.

(e) The sum of $4,504.50 paid to the defendant by the plaintiff for investment in the so-called Kolar-Edwards street property, on to-wit, April 11, 1924.

That the defendant invested, reinvested and collected the proceeds, avails and income of, and from the money and securities so paid and delivered to him by the plaintiff, the amount and nature of which are unknown to the plaintiff, but which in equity belong to, and are the property of the plaintiff; that during all the time mentioned in the complaint and until the year 1944, plaintiff reposed trust and confidence in the defendant, and relied upon him as her agent and attorney to advise, and to handle and manage the aforesaid moneys and investments in her interest and for her benefit, and to pay and turn over the proceeds, profits and avails thereof, when and as the same accrue and become available; that defendant from time to time during said period, paid plaintiff various sums of money and delivered various securities, and verbally stated and represented to plaintiff, that the sums and securities so paid and turned over to plaintiff, constituted all of the proceeds, returns, avails, income and profits to which she was entitled; that defendant never

rendered any accounting to plaintiff of, or for any such moneys or securities, but plaintiff believed and relied upon such statements and representations until the year 1944, when she requested an accounting from the defendant of all money and property turned over to him, that defendant has failed and refused to account therefor.

That plaintiff, reposing trust and confidence in, and relying upon the defendant, kept no record of the moneys and securities paid and turned over to the defendant by her, and received by her from defendant, and therefore cannot now state the dates, amounts and details of the individual transactions between her and defendant, except as set forth, but that plaintiff is informed and believes, and so states that the aforesaid statements and representations of the defendant that he has paid, and turned over to plaintiff everything that has accrued and is due plaintiff on account of the moneys and securities so paid and delivered to the defendant, and the income, proceeds, profits, and avails thereof, are false and untrue; that the money and securities received by defendant from plaintiff during the period aforesaid to be invested, collected or managed for plaintiff, and the income, profits, proceeds and avails thereof, so received and realized by the defendant exceed the value of moneys and securities so received by the plaintiff from defendant by more than $100,000, and that defendant has withheld and now withholds moneys, securities and properties belonging to plaintiff of the value of more than $100,000, as a proper accounting would show.

The complaint prays that defendant account for all his acts as agent and attorney for plaintiff referred to in the complaint, and for all moneys, securities paid to, or received by him by, for, or on behalf of plaintiff from, and after June 1, 1919, together with all income, proceeds, profits and avails thereof; that decree be entered against defendant for all sums found on accounting to be due from him to plaintiff.

The defendant attached to his affidavit for summary judgment a photostatic copy of the receipt of the plaintiff, filed in the probate court of Lake county, for her distributive share of the estate of Robert Dady, deceased. The plaintiff does not contest the validity, or the conclusiveness of this receipt, and the charge in the complaint that the defendant did not receive her distributive share of her father's estate has been abandoned by the plaintiff.

The decree sustains the motion for summary judgment, as to the thirty-one claims listed in subparagraph 7a of the complaint and dismisses them as being without equity. This part of the decree is not contested on this appeal. (The plaintiff dropped, or abandoned, such claims after the defendant, it is conceded by the plaintiff, truly accounted in his affidavit for all sums allegedly paid to him by the plaintiff under the thirty-one claims.)

The decree further finds that the claims made in subparagraphs b and c of the complaint are without equity.

The decree is on condition that the defendant, within thirty days after the entry of the decree: (1) pay the plaintiff $794.92 to be in full settlement of all sums due from the defendant to the plaintiff; (2) convey by quitclaim deed to the plaintiff an undivided one-half interest in Lot 6 in Block 1 of Glendale Subdivision; (3) quitclaim to the plaintiff an undivided one-half interest in the so-called Kolar-Edwards street property not sold by the defendant before the entry of the decree.

The condition of the decree that the defendant pay the plaintiff $794.92 disposes of all money demands made by the plaintiff in her complaint after allowing the defendant set-offs stated in his affidavit for summary judgment. Conditions of the decree numbered (2) and (3) dispose of all the claims made in subparagraph d and e of the complaint.

Section 57 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 181; Jones Ill. Stats. Ann. 104.057]

consists of two subdivisions. The pertinent parts of subdivision 1 of the section are as follows: — ''Subject to rules, if, in any action (including counterclaim) at law or equity, (a) upon a contract, express or implied; or (b) upon a judgment or decree for the payment of money; or (c) to recover the possession of land, with or without mesne profits; or (d) to recover specific chattels, the claimant shall file an affidavit or affidavits on affiant's personal knowledge. . .. .''

Subdivision 2 of the section is as follows: ''A party against whom any of the actions at law or suits in equity enumerated in subdivision (1) of this section is asserted may move for summary judgment or decree in his favor as to all or any part thereof. The procedure and practice shall be the same as that provided for in subdivision (1) with respect to plaintiff or counter-claimant.''

▪ Section 57 of the Civil Practice Act limits summary judgment procedure to cases simple in their nature and specifically enumerated in subdivision (1) of the section. (*Ward v. Sampson,* 391 Ill. 585; *Gliwa v. Washington Polish Loan & Building Ass'n,* 310 Ill. App. 465; *Security Discount Corp. v. Jackson,* 320 Ill. App. 440; *Ben Bimberg & Co., Inc. v. Unity Coat & Apron Co.,* 151 Misc. 442, 270 N. Y. S. 578; *Twigg v. Twigg,* 117 Misc. 154, 191 N. Y. S. 781.)

In the case of *Barnes v. Barnes,* 282 Ill. 593, it is stated: — ''Where the items of an account are few the court may state the account, but where the account consists of many items, and the testimony is conflicting, the court cannot proceed to an accounting until the account has been stated by a master, the public interests and the right of litigants forbid the examination by the court of intricate and complex accounts. (Citing cases.) A complicated account cannot be stated by the court even by agreement of the parties.'' (Citing cases.) (See also, *Patten v. Patten,* 75 Ill. 446 and *Stewart v. Kirk,* 69 Ill. 509.)

■ The rule that where the subject-matter of a complaint for an accounting involves transactions running through many years, numerous and varied, consisting of complex and intricate accounts, the cause must be referred to a master to state an account and objections to the account settled by him, has not been changed by the enactment of Section 57 of the Civil Practice Act. (*Ward v. Sampson*, 391 Ill. 585; *Ben Bimberg & Co., Inc. v. Unity Coat & Apron Co.*, 151 Misc. 442, 270 N. Y. S. 578; *Twigg v. Twigg*, 117 Misc. 154, 191 N. Y. S. 781.)

■ It is also true that where a motion for summary judgment, raises an issue of fact as to the right of the plaintiff to recover, a summary judgment must be denied. (*Shirley v. Ellis Drier Co.*, 379 Ill. 105; *Diversey Liquidating Corp. v. Nuenkirchen*, 370 Ill. 523; *Barkhausen v. Naugher*, 395 Ill. 562; *Bertlee Co., Inc. v. Illinois Publishing & Printing Co.*, 320 Ill. App. 490; *Fisher v. Roenberg*, 299 Ill. App. 617.)

■ Where a complaint for an accounting, or any part of the complaint, is based on a "contract, express, or implied," a motion for summary judgment, which does not raise a question of fact to be tried, is proper, and the court should pass on the legal questions raised by the motion whether the contract is valid and, if so, the proper interpretation thereof, in determining if the party against whom the motion is made should be made to account. (*Fisher v. Hargrave*, 318 Ill. App. 510, 520; *City Bank Farmers' Trust Co. v. Charity Organization Soc. of City of New York*, 264 N. Y. 441, 191 N. E. 504.)

■ Where the statute of limitations is set up in the answer to a complaint for an accounting, the defendant cannot have this defense disposed of, under his answer, until after the cause is ready for hearing on all the pleadings and proofs. If the cause is one requiring a reference to a master for a stated account the proper time to determine if the statute of limitations is a bar to any part of the items stated in the complaint is

after the report of a master of the details of the account. (*Quayle v. Guild*, 91 Ill. 378; *Fyffe v. Fyffe*, 292 Ill. App. 539, 547.) The defendant in this case pleaded the statute of limitations in his answer.

Relative to charge subparagraph b of paragraph 7 of the complaint, the affidavit of the defendant states:—Affiant says that the Holly notes mentioned in said subparagraph, aggregating $18,500, and alleged to have been delivered by the plaintiff to the defendant for collection on, or about December 15, 1925, were paid to plaintiff in full, the last payment being made to plaintiff on February 13, 1928, by check number 12082 of this defendant, drawn on the First National Bank of Waukegan, Illinois, payable to, and indorsed by plaintiff, and paid by said bank, said check bearing the following indorsement: "In full principal and interest on Holly Mtg.

| | |
|---|---|
| Balance principal | $6,500.00 |
| Interest due 11/24/27 | 237.50 |
| Interest to date | 104.12 |
| | 6,831.62 |

Mtg. dated November 24, 1922
Signed Nellie Conrad."

Opposed to this statement of the affidavit of defendant, the counter affidavit of the plaintiff states: "That said Holly notes were delivered to the defendant for collection; that the notes were collected by the defendant, but the defendant failed to remit the proceeds of such collections in full to plaintiff, and that the defendant only paid plaintiff the sum of $6,831.62 on account of said collections so made by defendant; that the balance of said collections plus interest thereon, is still due and owing to the plaintiff; that said sum of $6,831.62 was not accepted by plaintiff in full payment of the collections made by defendant under said notes."

It is contended by the defendant that the indorsement and cashing of check No. 12082 of the defendant

by the plaintiff was an accord and satisfaction of all claims of the plaintiff against the defendant for all sums collected by him on the Holly notes. On this point the affidavit and counter affidavit raised questions of fact which could only be determined by evidence, the statements in the affidavits, on this point, being in conflict. (*Snow v. Griesheimer,* 220 Ill. 106; *Reed v. Engel,* 237 Ill. 628; *In re Estate of Cunningham,* 311 Ill. 311.)

Relative to the claim of the complaint stated in subparagraph c of paragraph 7, the affidavit of the defendant states: That no money was paid by plaintiff to defendant for investment in McHenry county in the amount of $18,000 as alleged in the complaint; that no such sum was delivered to the defendant by plaintiff in 1922, or at any other time for investment in McHenry county. Affiant further states that the Holly notes were secured by a trust deed on land in McHenry county; that said notes were paid in full, as before stated in defendant's affidavit; that said investment in Holly notes were made in 1922. Plaintiff counter affidavit states: That during the year 1922, she delivered to the defendant the sum of $18,000 for investment on her behalf, in property in McHenry county. That defendant has never accounted to plaintiff for said money. The above statements in the affidavits raised a question of fact to be determined by evidence. (*Twigg v. Twigg,* 117 Misc. 154, 191 N. Y. S. 781.)

It is therefore our conclusion that the trial court erred in rendering a summary judgment in favor of the defendant, but should have referred the case to a master in chancery for an accounting between the parties. The judgment appealed from is reversed, and the cause remanded to the trial court.

*Reversed and remanded.*