PATRICK C. BREWER, Plaintiff-Appellant, *v.* DAUBERT CHEMICAL COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 78-500

Opinion filed May 29, 1979.—Rehearing denied June 27, 1979.

John M. Cannon, of Chicago, for appellant.

Defrees & Fiske, of Chicago (Edward J. Griffin and Gary Schuman, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County granting partial summary judgment for defendant on a contract cause of action. The order stated that there was no just reason to delay enforcement or appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 304.) The sole issue on appeal is whether the trial court erred in granting partial summary judgment.

We affirm.

On June 12, 1974, plaintiff, Patrick C. Brewer, filed a complaint against defendant, Daubert Chemical Corporation, for the alleged breach of an employment contract. Plaintiff alleged the following in his complaint: In October 1970 plaintiff was employed by defendant to sell in a specified territory an automobile rustproofing product, known as ECP, which was manufactured by defendant. Plaintiff was to be paid on a commission basis and was to be reimbursed for certain expenses. Defendant agreed that if plaintiff developed ECP sales in his territory, he would not be removed from that territory without reasonable indemnity against loss suffered as a result of his removal. Plaintiff developed the territory; however, on February 13, 1974, defendant wrongfully terminated plaintiff's employment without cause and wrongfully refused to indemnify plaintiff in accordance with their agreement. The complaint also alleged that defendant improperly limited plaintiff's participation in profit-sharing, his vacation pay and payments due plaintiff under a "non-disclosure" agreement; however, none of these contentions are involved in this appeal.

Defendant denied plaintiff's allegations and specifically denied the existence of an agreement to indemnify plaintiff if removed from his territory.

On May 27, 1977, defendant filed a motion for partial summary judgment on the ground that the alleged indemnity agreement was vague and indefinite and was, therefore, unenforceable as a matter of law. Defendant's motion was based on statements made by plaintiff in a discovery deposition taken on October 8, 1974. In that deposition plaintiff stated that his claim for indemnity was based entirely upon a conversation which took place at a pre-employment interview between plaintiff and defendant's employee, Mr. Rodkin. Plaintiff described the agreement in his deposition as follows:

> "We then got into the subject of—how he led into it, I don't
> really recall. After we were pretty much in agreement with each

other and I agree, gee, it sounds great. There's a profit sharing plan, vacation program, insurance program, but there had been a man in the territory that they were apparently obviously discharging. He wasn't doing the job and I didn't ask why or what he done wrong. I said, Hank, supposing now that I go out and develop the territory for Daubert Chemical Company and I go out—don't hold me to these exact words—if I go out and build up the territory and solicit to dealers and the territory becomes profitable and after two or three years he doesn't need Pat Brewer, then what happens to me.

It was a very important question to me because I had just gone through being laid off because of an automobile strike, something I had no control over, and I even pointed out in my resume that I was approaching the age where I had to look for something that provided some future security. I'm over 40 years and jobs aren't easy to come by, even harder to come by now, as I found out, but this was an important question.

He said it's a good question, Pat. As a matter of fact, we've already discussed it. Let me give you an example. *For example, let's say you were to develop Milwaukee—as a matter of fact, we were talking about all of Wisconsin. He said just as an example, let's say you developed the City of Milwaukee and we decided to put another man up in it or take over the state, what we would do, he said, we would either buy that part of the territory back from you, and that was the words. Not purchase, he said, we'll either buy that part of the territory back from you or we would make some type of residual agreement with you based on the amount of business you developed and the amount of kegs that were coming in.* I thought that sounds fair enough.

\* \* \*

Q. Was there anything else? Was that the extent of the discussion about that aspect of it?

A. *Yes, as far as I can recall, that was. Yes, that was the extent of it, I said it sounds like a fair arrangement to me.* I was concerned about being removed from the territory, and you hear stories about these things happening, I've heard, for example—." (Emphasis added.)

Plaintiff objected to the motion for partial summary judgment and filed a counteraffidavit in which he alleged that subsequent to the pre-employment conversation with Mr. Rodkin, plaintiff had on several occasions discussed with Mr. Rodkin and others further terms and details of the alleged indemnity agreement.

On August 30, 1977, the court granted defendant's motion for summary judgment. The court further ordered on October 6, 1977, that

there was no just reason for delaying enforcement or appeal of the August 30 order. On November 23, 1977, plaintiff filed a motion to vacate the partial summary judgment. The motion was accompanied by an affidavit of Mr. Rodkin stating that in the event a salesman employed by defendant was transferred from one territory satisfactorily developed by him to another territory, defendant would buy the territory back based upon the amount of business developed. The motion to vacate was denied on December 13, 1977; however, the court granted plaintiff leave to amend his complaint by adding a claim based on *quantum meruit.* Plaintiff so amended his complaint and is proceeding in the circuit court on both the *quantum meruit* claim and his claims for other alleged losses of employment benefits.[1]

Plaintiff contends that the court erred in granting partial summary judgment on plaintiff's claim for indemnity because the court allowed plaintiff to pursue the "same relief" under the theory of *quantum meruit.* Plaintiff contends that the legislature's use of the word "relief" in section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) would preclude a grant of summary judgment if any theory could stand that would permit any part of the relief sought.

■■ Plaintiff has not cited nor have we found any authority in support of his restrictive interpretation of the statute. Section 57 provides in pertinent part that:

"(2) * * * A defendant may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part of the relief sought against him." (Ill. Rev. Stat. 1977, ch. 110; par. 57(2).)

The statute clearly authorizes summary judgment to be entered on "any part of the relief sought." Thus, the statute permits partial summary judgment on a claim if the court finds that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3).) The fact that there are other claims before the court not subject to partial summary judgment upon which plaintiff may obtain "relief" is immaterial. Plaintiff's interpretation of section 57 would virtually preclude entry of summary judgment on "any part of the relief sought," contrary to the plain words of the statute.

■ Plaintiff contends that the grant of partial summary judgment on the

---

[1] We note initially the piecemeal nature of this appeal. The trial court chose to grant partial summary judgment and make the order final and appealable even though it allowed plaintiff to amend his complaint. Neither of the parties has moved to dismiss the appeal in this court. Although it is not the policy of this court to encourage piecemeal appeals and although we have discretion under Supreme Court Rule 366 (Ill. Rev. Stat. 1977, ch. 110A, par. 366) to dismiss this appeal, we shall in this instance dispose of this matter on a substantive consideration of the merits.

contract claim will prejudice his right to recover under *quantum meruit* because the claim for *quantum meruit* is inherent in any cause of action on a contract. However, it has been held that a claim for recovery under the terms of a contract and a claim for *quantum meruit* are separate and distinct causes of action. *Tondre v. Pontiac School District No. 105* (5th Dist. 1975), 33 Ill. App. 3d 838, 342 N.E.2d 290; *Goodman v. Motor Products Corp.* (2d Dist. 1959), 22 Ill. App. 2d 378, 161 N.E.2d 31. See also *Titchener v. Avery Coonley School* (2d Dist. 1976), 39 Ill. App. 3d 871, 350 N.E.2d 502.

■■ Plaintiff contends that the court erred in finding the alleged indemnity agreement unenforceable as a matter of law and thus partial summary judgment should not have been granted. The purpose of summary judgment is to determine whether any issues of material fact exist. (*Moore v. Lewis* (1st Dist. 1977), 51 Ill. App. 3d 388, 390, 366 N.E.2d 594.) Where a motion for summary judgment in a contract action does not raise a question of fact, the court may consider the legal question of whether there is a valid contract to be enforced. *Conrad v. Beaubien* (2d Dist. 1948), 334 Ill. App. 198, 204, 78 N.E.2d 846.

■■ An agreement which is indefinite and lacks specificity cannot be enforced as a contract. (*Kraftco Corp. v. Koblus* (4th Dist. 1971), 1 Ill. App. 3d 635, 274 N.E.2d 153; *Lee Shell Co. v. Model Food Center, Inc.* (1st Dist. 1969), 111 Ill. App. 2d 235, 250 N.E.2d 666.) Based upon the statements made by plaintiff in his deposition, it was not unreasonable for the trial court to find the alleged indemnity agreement lacked specificity and was unenforceable as a matter of law.

■■ In his affidavit opposing defendant's motion for summary judgment, plaintiff claimed that he had discussed further terms and details of the alleged agreement with Mr. Rodkin and others on several occasions. Although summary judgment should not be granted where an opposing affidavit raises an issue of fact (*Lundin v. Egyptian Construction Co.* (1st Dist. 1975), 29 Ill. App. 3d 1060, 1065, 331 N.E.2d 208), such affidavits must recite facts and not mere conclusions or statements based on information and belief. Affidavits not supported by allegations of fact are not sufficient to defeat a motion for summary judgment. *Joseph W. O'Brien Co. v. Highland Lake Construction Co.* (1st Dist. 1972), 9 Ill. App. 3d 408, 414, 292 N.E.2d 205.

■■ In the case at bar if there were any events or discussions which later made the alleged indemnity agreement more definite, it was incumbent on plaintiff to bring them to the attention of the trial court rather than to allege generally that such facts may exist. We conclude the trial court did not act unreasonably in finding plaintiff's affidavit failed to raise such a material issue of fact so as to preclude the granting of partial summary judgment.

723

Based on the foregoing we affirm the order of the circuit court of Cook County.

Affirmed.

DOWNING and HARTMAN, JJ., concur.