368 N.E.2d 1111 (1977)
54 Ill. App.3d 851
11 Ill.Dec. 503
In the Interest of Douglas NITZ, Jr., a Minor.
The PEOPLE of the STATE of Illinois, Petitioner-Appellee,
v.
Tammy NITZ, Respondent-Appellant.
No. 76-528.
Appellate Court of Illinois, Third District.
October 20, 1977.
Robert W. Esler and Joseph A. Dailing, Western Illinois Legal Assistance Foundation, Rock Island, for respondent-appellant.
Edward Keefe, State's Atty., Rock Island, Robert M. Hansen, James E. Hinterlong, Principal Atty., Illinois State's Atty. Assn., Ottawa, for petitioner-appellee.
*1112 SCOTT, Justice.
This is an appeal from the circuit court of Rock Island County which after an adjudicatory hearing found the minor child, Douglas Nitz, Jr., to have been neglected, and which further ordered the child placed in a licensed foster home under the guardianship of the Illinois Department of Children and Family Services.
On January 12, 1976, a petition was filed pursuant to the provisions of the Juvenile Court Act which prayed that temporary custody of Douglas Nitz, Jr., a minor, be granted to the Illinois Department of Children and Family Services, hereinafter referred to as the Department. On the same date the trial court entered an order granting the prayer of the petition. An adjudicatory hearing was held and evidence taken on February 5, 1976. At this time the minor was approximately ten months old. During this hearing there was testimony adduced to the effect that the minor suffered from a skin rash and was failing to gain weight. There was also evidence to the effect that the child's mother, Tammy Nitz (the appellant), had an attitude of indifference in regard to her child's problems and that she was uncooperative with representatives of the Department and Mrs. Hamilton, a caseworker for the Rock Island County Child Abuse Team, in regard to her child's problems of health.
At the conclusion of the hearing on February 5, 1976, the trial court indicated that the evidence was not sufficient to sustain a finding of neglect and that the court desired to hear medical testimony concerning the minor's problems of health and the cause for the same. The adjudicatory hearing was continued and ultimately a final hearing was had on October 27, 1976. At this last hearing testimony was received from Dr. Louis Resnick, a pediatrician who had been the primary doctor for the minor, Douglas Nitz, Jr. It was the testimony of Dr. Resnick that the skin rash suffered by the minor was the result of exzema due to the allergic tendencies of the child. The doctor was a state witness and when his testimony is examined in detail it is clear that the minor's weight loss was not proven to be the result of neglect by the mother, Tammy Nitz. No useful purpose would be served by setting forth a recitation of the doctor's testimony. We have examined the same and it is quite evident that the doctor had no explanation as to why the minor's weight was not within the normal limits for his age.
The appellant, Tammy Nitz, contends that the trial court's finding of neglect was against the manifest weight of the evidence and with this contention we agree.
There is no fixed standard for a determination of neglect and each case must be judged on its particular facts. (Wallace v. Labrenz (1952), 411 Ill. 618, 104 N.E.2d 769, cert. den. 344 U.S. 824, 73 S.Ct. 24, 97 L.Ed. 642.) In the instant case it is clear that the facts adduced during the adjudicatory hearing held on February 5, 1976, would not sustain a finding of neglect. The trial court desired medical testimony which was received on October 27, 1976, and as we have stated such testimony could not and did not sustain a finding that neglect was the cause of the minor's problems of health.
The trial court's order of adjudication placed the minor in a foster home but with the proviso that the custody of the child would be granted to the appellant, Tammy Nitz, when she obtained a suitable apartment. During the oral argument of this appeal this court was informed that the child is presently and has for some time been in the custody of the appellant. To this court it is obvious that the trial court entertained some serious doubts as to whether or not the appellant had neglected her child.
The appellant raises other issues for review, however, having determined that the trial court's finding of neglect is against the manifest weight of the evidence, it is not necessary for us to consider further issues.
For the reasons set forth the judgment of the circuit court of Rock Island County is reversed.
Reversed.
ALLOY, P. J., and STOUDER, J., concur.