69 Ill. App.3d 565 (1979)
387 N.E.2d 923
In re CHESTER CHRISTENBERRY, a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
CAROL ROBINSON et al., Respondents-Appellants.)
No. 78-325.
Illinois Appellate Court  First District (1st Division).
Opinion filed March 19, 1979.
James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellants.
Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Kathleen M. McGury, Assistant State's Attorneys, of counsel), for the People.
Judgment affirmed.
*566 Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:
Following a hearing in the circuit court of Cook County, the minor, Chester Christenberry, was found to be neglected because his environment was injurious to his health. He was adjudicated a ward of the court and he was continued in the temporary custody of his grandmother. Thereafter, custody was returned to his parents Carol Robinson and Don Christenberry, respondents herein, upon certain supervisory conditions. (Ill. Rev. Stat. 1977, ch. 37, par. 705-5.) In their appeal from the finding of neglect, respondents contend that the finding was contrary to the manifest weight of the evidence.
The record shows that on May 29, 1977, the minor, who was then about 3 weeks old, was admitted to Children's Memorial Hospital in Chicago. He was diagnosed as having multiple skull fractures with a hemotoma which may have caused intercranial pressure. The examining physician further noted a bruise on the infant's chest, several abrasions on the leg as well as multiple, older scratches and bruises on the back. The minor was also found to have a severe diaper rash and a sutured laceration over the right eye. Medical opinion demonstrated that the skull injuries would not normally have occurred. This opinion was based on the fact that an infant has a soft skull and such injuries could be caused by squeezing his head, dropping him from a great height or bumping the head against a sharp object. The diaper rash was said to have been caused by failing to change the diapers.
A social worker interviewed respondents. Don Christenberry made no specific comments concerning the cause of his son's injury. However, Carol Robinson said that she left home to go to the store and returned several minutes later to find that, in her absence, her 3-year-old child had beaten the minor with an electrical cord. During this time Don Christenberry had apparently been in the bathroom.
In their answer, respondents alleged that the injuries had been inflicted upon the minor by his brother. Respondents now argue upon this basis that the minor's injuries were the result of an excusable accident rather than an injurious environment. Moreover, respondents contend that failing to change diapers thereby causing a diaper rash is not a sufficient showing of neglect.
 1 The State maintains that this appeal is moot because the child was returned to respondents. However, their custody was conditioned upon a one-year term of supervision which prescribed that respondents undergo counselling and allow visits by a social worker and the grandmother. We note that such order might be extended beyond the initial term. (Ill. Rev. Stat. 1977, ch. 37, par. 705-5 (2).) Thus, the constraints placed upon respondents might continue. Moreover, should a subsequent claim of *567 neglect be charged, we believe that the initial finding at issue in this appeal might at some juncture adversely reflect upon respondents. Compare In re Sciara (1974), 21 Ill. App.3d 889, 893-95, 316 N.E.2d 153.
 2 The State also contends that respondents have waived their claim because they did not file a motion for a new trial. However, these proceedings are to be considered civil in nature (People v. Davis (1973), 11 Ill. App.3d 775, 778, 298 N.E.2d 350), and are governed by civil appellate rules (Ill. Rev. Stat. 1977, ch. 110A, par. 660 (b)). At a bench trial in a civil proceeding, as here, the failure to file a post-trial motion does not limit the scope of review. (Ill. Rev. Stat. 1977, ch. 110A, par. 366 (b) (3) (i) and (ii).) We will therefore consider the merits of respondents' position.
A finding of neglect caused by the minor's being subjected to an injurious environment will not be set aside unless contrary to the manifest weight of the evidence. There is no fixed standard for neglect and each case is reviewed upon its particular facts. (In re Nitz (1977), 54 Ill. App.3d 851, 852, 368 N.E.2d 1111; In re Gomez (1977), 53 Ill. App.3d 353, 359, 368 N.E.2d 775.) But the term neglect is defined as "the failure to exercise the care that circumstances justly demand and it embraces wilfull [sic] as well as unintentional disregard of parental duty." In re Brooks (1978), 63 Ill. App.3d 328, 337, 379 N.E.2d 872.
 3 Applying these principles to the case at bar we conclude that the trial court's finding of neglect was not erroneous. The record shows that Carol Robinson was absent from the apartment only for several minutes. Yet the theory of respondents is that during this time her 3-year-old son was able to secure an electrical cord and beat the minor with such severity that he sustained multiple skull fractures and apparently several abrasions upon the other parts of his body. The child's father, who was in the home at this time, was supposedly oblivious to this activity. A lack of concern for the minor is further manifested by the diaper rash caused by the parents' inattention to the infant's basic needs. The lack of supervision of the 3-year-old suggests at least an unintentional disregard of parental duty. Based on the totality of the circumstances, we conclude that the trial court's factual assessment was proper and in accordance with the evidence.
The judgment of the circuit court is therefore affirmed.
Judgment affirmed.
McGLOON and O'CONNOR, JJ., concur.