CHARLES SMITH, SR., as Special Adm'r of the Estate of Charles Smith, Jr., Deceased, Plaintiff-Appellant, v. TRI-R VENDING *et al.*, Defendants-Appellees.

Second District   No. 2—92—0583

Opinion filed July 23, 1993.—Rehearing denied September 23, 1993.

Charles A. Cohn and Erwin Cohn, both of Cohn & Associates, of Chicago, for appellant.

John C. Kiely and Michele H. Harland, both of Law Offices of John C. Kiely, of Chicago, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Charles Smith, Sr., as special administrator of the estate of Charles Smith, Jr. (Smith), appeals a grant of summary judgment for defendants, Tri-R Vending and its employee, Luis Cotto. Plaintiff sued under the Wrongful Death Act (Ill. Rev. Stat. 1991, ch. 70, pars. 1 through 2.2), alleging that Smith was a passenger in a truck that Cotto negligently drove into a light pole, causing Smith's death.

In their reply and in their motion for summary judgment, defendants alleged that, at the time of the incident, Smith was illegally trespassing on the truck and that Cotto neither owed nor breached any duty of ordinary care (see Ill. Rev. Stat. 1989, ch. 95½, pars. 10—201, 11—1006(a)). Defendants filed Cotto's affidavit and discovery deposition in support of the motion for summary judgment. Plaintiff submitted no counteraffidavits or evidence in response, but moved to strike the deposition and affidavit as barred by the Dead Man's Act (Ill. Rev. Stat. 1991, ch. 110, par. 8—201). The trial court struck the evidence and granted defendants' motion for summary judgment. Plaintiff appeals.

The issue on appeal is whether plaintiff may withstand a motion for summary judgment where the testimony of the lone surviving witness to the accident has properly been excluded pursuant to the Dead Man's Act. Plaintiff argues that, even without the testimony of Cotto—concededly the only possible occurrence witness at a trial—the pleadings, including defendants' admissions, raise a genuine issue of whether Cotto's negligence proximately caused Smith's fatal injuries.

Defendants respond that summary judgment was proper because, lacking any occurrence testimony, plaintiff will be unable to prove any of the elements of a cause of action for negligence. Thus, whatever issues of fact might emerge from the pleadings, plaintiff will be unable to move beyond the pleading stage by presenting proof of his allegations. Without waiving the Dead Man's Act, plaintiff will be unable to prove his case; but, had plaintiff waived the Dead Man's Act, Cotto's uncontradicted deposition and affidavit would have established that defendants are entitled to judgment as a matter of law.

Plaintiff's complaint alleged the following. On May 24, 1991, at about 3 a.m., Smith was a passenger on a truck owned by Tri-R Vending and driven by Cotto. As Cotto entered the roadway on the property of Abbott Laboratories in North Chicago, he breached his duty of

care to Smith by failing to keep a proper lookout, speeding, and otherwise driving negligently. Cotto's negligence proximately caused the truck to leave the roadway and collide with the light pole, fatally injuring Smith.

Defendants' answer alleged that, at the time of the accident, Smith was unlawfully trespassing on the outside of the truck. Thus, defendants owed him no duty of due care. Cotto was not negligent and did not proximately cause Smith's injuries. Smith's own negligence proximately caused his injuries.

Defendants moved for summary judgment (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005), submitting Cotto's discovery deposition and affidavit. They argued that plaintiff could not prove the elements of a cause of action unless he waived the Dead Man's Act, allowing in Cotto's testimony; however, Cotto's testimony established that plaintiff could not recover.

Cotto's deposition and affidavit described the accident as follows. On the morning of May 24, 1991, Cotto was working his customary overnight shift as a truck driver for Tri-R Vending. At about 2:30 a.m., he stopped at a doughnut shop on 22nd Street in North Chicago to get "lunch" and use the restroom. As he exited his truck, he saw nobody else in the area. After visiting the doughnut shop, Cotto got into the truck and started to drive west on 22nd Street. He saw Smith, who was walking east on the sidewalk and waving toward him. Tri-R Vending did not allow its drivers to pick up hitchhikers, so Cotto ignored Smith and drove on.

Smith jumped onto the front passenger's side of the moving truck. He started to shout and pound on the window. Cotto told Smith to leave or Cotto would call the police on his mobile phone. Smith stayed, broke the side window, started threatening Cotto, and put his hand on the dashboard. Cotto, in fear for his safety, tried to subdue Smith with a piece of pipe.

When Smith refused to leave, Cotto drove to the lot at Abbott Laboratories. He hoped that the presence of a guard on duty would scare off Smith. As a result of the fight with Smith, Cotto lost control of the truck. He applied his brakes, but the truck stopped only after it collided with a light pole and a fence. Cotto saw that Smith was lying on the ground by the pole. As far as Cotto knew, the guard at Abbott Laboratories, whose shack was 30 to 40 feet away, saw none of the accident. Eventually, the police arrived. To Cotto's knowledge, he was the only surviving witness to the accident itself.

Plaintiff introduced no evidence in opposition to the summary judgment motion. However, he moved to strike Cotto's deposition and

affidavit, arguing that the Dead Man's Act barred Cotto from testifying about the events involving Smith. Plaintiff argued that, even without occurrence testimony, the complaint and defendants' admissions in their answer raised genuine issue of material fact. Specifically, the admitted fact that the collision occurred off the roadway raised a presumption that Cotto's negligence caused the accident. Also, it must be presumed that Smith had been obeying the law and thus that defendants owed him a duty of due care.

Defendants conceded the Dead Man's Act applied to Cotto's testimony. However, they argued that, without evidence from the only occurrence witness, plaintiff could not prove any element of a cause of action for negligence. The mere fact of the accident did not create a presumption of negligence.

In a single order, the trial court struck Cotto's testimony and granted defendants summary judgment. Plaintiff timely appealed. He argues, as he did at the trial level, that the pleadings themselves raise a genuine issue as to each element of a cause of action for negligence. Thus, he maintains, the case should proceed to trial.

Summary judgment is proper if and only if the pleadings, depositions, admissions, affidavits and other relevant matters on file show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) Although a plaintiff need not prove his case at this preliminary stage, he must present "facts sufficient to support the elements of his claim" (*Kuwik v. Starmark Star Marketing & Administration, Inc.* (1992), 232 Ill. App. 3d 8, 12) or "some factual basis which would arguably entitle [him] to judgment" (*Barber-Colman Co. v. A & K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 1071). We hold that plaintiff did not fulfill this requirement.

To recover in a suit for negligence, a plaintiff must establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. (*Wojdyla v. City of Park Ridge* (1992), 148 Ill. 2d 417, 421; *Gresham v. Kirby* (1992), 229 Ill. App. 3d 952, 955.) "When a defendant files a motion for summary judgment, the plaintiff must come forward with *evidence* of negligence on the part of the defendant and with evidence that defendant's negligence was a proximate cause of the plaintiff's injuries." (Emphasis added.) (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85; see also *Gresham*, 229 Ill. App. 3d at 955.) Liability must be premised on evidence and not on conjecture or speculation. (*Lindenmier*, 156 Ill. App. 3d at 85; *Waite v. Chicago Transit*

*Authority* (1987), 157 Ill. App. 3d 616, 619-20.) A defendant in a negligence suit is entitled to summary judgment if he can demonstrate that the plaintiff has failed to establish a factual basis for one of the required elements of a cause of action for negligence. *Gresham*, 229 Ill. App. 3d at 954-55.

Plaintiff acknowledges that he submitted no evidence in response to the motion for summary judgment. Nonetheless, he argues, he established a factual basis for his claim through a combination of (1) admissions of fact in the defendants' answer and (2) presumptions that arise from these admitted facts. Specifically, plaintiff argues as follows.

■ Because defendants' answer admitted that the accident took place off the roadway, this fact is established and need not be proved by evidence (see Ill. Rev. Stat. 1991, ch. 110, par. 2—610(b)). Under *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, and *Cruse v. Hines* (1981), 92 Ill. App. 3d 884, the fact that the accident took place off the roadway raises a *rebuttable presumption that Cotto's negligence caused the accident.* Thus, as defendants submitted no admissible evidence to the contrary, plaintiff may rely on the pleadings to raise genuine issues of material fact as to all the elements of a cause of action for negligence. Also, plaintiff placed in issue whether defendants owed Smith a duty, as there is a rebuttable presumption that, at the time of the accident, Smith was obeying the law. See *Robinson v. Workman* (1956), 9 Ill. 2d 420, 427.

We agree with plaintiff that the pleadings conclusively establish that the accident occurred off the roadway. We further agree that, as the court admitted none of defendants' evidence in support of the summary judgment motion, plaintiff may rely on the pleadings to raise genuine issues of material fact. (See *Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 323.) However, we do not accept plaintiff's application of *Calvetti* and *Cruse*; therefore, we conclude that plaintiff has failed to supply an adequate factual basis for his complaint to withstand summary judgment. To explain our conclusion, we review the case law in some detail.

The supreme court's decision in *Calvetti* arose not in the context of a grant of summary judgment, but rather after the trial court denied the plaintiff a judgment *n.o.v.* after a full trial. The appellate court reversed and held that the evidence required the conclusion that the defendant was negligent as a matter of law. The supreme court agreed.

The court reasoned as follows. The plaintiff was injured when her car struck the defendant's car. The collision was caused by the

defendant's unexplained swerve into the wrong lane of traffic. Given such a gross irregularity in the defendant's driving, the burden shifted to her to show she was not negligent. "The fact that [the defendant's] car skidded in front of the one in which plaintiff was riding must be deemed to have arisen from some negligent act or omission, in the absence of explanation to the contrary." *Calvetti*, 37 Ill. 2d at 598.

The *Calvetti* court was careful to note that the defendant had a full opportunity to adduce facts that would allow a conclusion that she was not negligent or that the collision was caused by something other than her negligence, yet she had completely failed to introduce such facts. It would be unfair to require the plaintiff to produce evidence of what caused the defendant's car to skid into the wrong lane; such information was peculiarly within the knowledge of the defendant, who was able to testify about the circumstances leading to the accident. As she had not been able to introduce evidence sufficient to demonstrate her freedom from negligence, "[t]he car's presence [in the wrong lane] under the circumstances shown leaves room for no inference other than that defendant *** caused the skidding through some *** form of negligence." *Calvetti*, 37 Ill. 2d at 599.

In *Cruse v. Hines* (1981), 92 Ill. App. 3d 884, the appellate court applied the burden-shifting rule of *Calvetti* to a situation where the plaintiff's decedent was killed when the defendant drove the car in which the two were riding off the roadway and into a guardrail. After a full trial at which defendant testified about the conditions leading to the accident, the jury returned a verdict for the defendant. The court denied the plaintiff's motions for a new trial and for a judgment *n.o.v.*

The appellate court interpreted *Calvetti* to shift the burden to the defendant to prove that the accident was caused by something other than his own negligence. The appellate court noted that here, as in *Calvetti*, it was obvious that the defendant drove his car into "an area of the roadway where it should not have been." (*Cruse*, 92 Ill. App. 3d at 890.) As did the supreme court in *Calvetti*, the appellate court in *Cruse* noted that any facts regarding the cause of the accident would be within the peculiar knowledge of the defendant; the only other possible occurrence witness was dead. The car's presence in an improper area raised an "inference" that the accident was caused by the defendant's negligence. *Cruse*, 92 Ill. App. 3d at 890.

As in *Calvetti*, the court noted that the defendant was able to testify to the circumstances of the accident and that he had failed to offer any innocent explanation for his violation of the rules of the road. The court stressed that the burden shift was in part a matter of fair-

ness: the plaintiff (here the executor of the estate of the person who was killed in the accident) had no way of knowing directly what caused the accident, while the defendant, who had a full opportunity to testify on this score, was the only party who could explain his irregular driving. The appellate court found no error in the trial court's refusal to order a judgment *n.o.v.* because there was still a factual question as to whether the passenger's alleged contributory negligence (in falling asleep before the crash) barred the plaintiff's recovery. Due to error in the giving of instructions and certain evidentiary rulings, the case was reversed and remanded.

The most recent application of *Calvetti* and *Cruse*—and the one involving facts most similar to those at bar—is the ruling of the Appellate Court, Fifth District in *Reid v. Sledge* (1992), 224 Ill. App. 3d 817. *Reid* applied the two cases we have discussed to a wrongful death suit in which the Dead Man's Act barred the defendant from testifying about the causes of the accident that killed the plaintiff's decedent. Were we to accept the reasoning of *Reid* in its entirety, we might agree with plaintiff here that summary judgment was improper. However, we do not believe that *Reid* properly applies *Calvetti* or *Cruse*.

In *Reid*, the plaintiff's decedent was a passenger in an automobile that the defendant drove off the road, down an embankment, and into a tree. Unlike the defendants in *Calvetti* and *Cruse*, the defendant was barred by the Dead Man's Act from testifying about the circumstances of the crash. Because the defendant could not testify about the accident itself, the trial court allowed two defense witnesses to testify to the defendant's careful driving habits. The jury found for the defendant. The appellate court affirmed, holding that the verdict was not against the manifest weight of the evidence.

The *Reid* court held that, under *Calvetti* and *Cruse*, the circumstances of the accident gave rise to an "inference" that the accident was caused by the defendant's negligence. (*Reid*, 224 Ill. App. 3d at 819.) Furthermore, *Reid* held that, under *Cruse*, the defendant had the burden to produce evidence to rebut this "inference"; once the defendant put on evidence that the accident was caused by something other than the defendant's negligence, liability became a question for the jury to decide. (*Reid*, 224 Ill. App. 3d at 819-20.) We note that although *Reid* uses the term "inference," the opinion's reference to burden shifting and the need for the defendant to put on evidence to create a jury question is more in line with the discussion of a rebuttable presumption, as we explain later in this opinion.

*Reid* held that, because the Dead Man's Act barred the defendant from testifying directly about the accident, fairness required that he be able to introduce evidence of his careful driving habits; in this way, the defendant would have the opportunity to rebut the "inference" that the accident was the result of his negligence. *Reid*, 224 Ill. App. 3d at 819-20.

We now consider *Reid* in light of *Calvetti* and *Cruse*. We conclude that insofar as *Calvetti* and *Cruse* create a presumption or inference of negligence, *Reid* improperly extends that rule of evidence to a situation where the assumptions underlying the rule do not apply.

Initially, we shall try to clear away some potentially misleading terminological underbrush. Plaintiff asserts that *Calvetti* and *Cruse* hold that the fact that a driver left the roadway (or entered the wrong lane of traffic), resulting in an accident, raises a "rebuttable presumption" that the accident was caused by the driver's negligence. Our review of *Calvetti* and *Cruse* persuades us that these cases establish no such rebuttable presumption. Rather, they stand only for the proposition that, under the procedural and substantive facts of each case, the fact finder was *required* to draw an *inference* that the driver's negligence caused the accident.

■■ A presumption is a rule of law *requiring* the existence of a fact to be taken as established when certain other facts are established, unless and until a certain specified condition is fulfilled. (M. Graham, Cleary & Graham's Handbook of Illinois Evidence §302.1, at 81 (5th ed. 1990) (Cleary & Graham).) In Illinois, a presumption of fact (also known as a "rebuttable presumption") is not evidence. However, it establishes a *prima facie* case as to the issue involved and shifts the burden of producing evidence but not the ultimate burden of persuasion. (*Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 460-64.) A presumption ceases to operate once there is enough evidence to support a finding of the nonexistence of the presumed fact. (*Dean*, 95 Ill. 2d at 462-63; *Barnes v. Brown* (1990), 193 Ill. App. 3d 604, 611.) There is no uniform test of how much evidence is necessary to rebut a presumption. *Dean*, 95 Ill. 2d at 463.

■■ An inference is a conclusion of fact that the jury *may* in its discretion draw from established facts. However, only under compelling factual circumstances *must* the fact finder draw a particular inference. Cleary & Graham §302.2, at 83-86.

We believe that, read in their factual contexts, *Calvetti* and *Cruse* hold that the evidence must reach a certain threshold of conclusiveness before a fact finder is either required *or* permitted to draw an inference from the evidence. See *Waite v. Chicago Transit Authority*

(1987), 157 Ill. App. 3d 616, 619-20 (interpreting *Cruse* as illustrating the rule that a fact may be inferred from circumstantial evidence only where the circumstances are such that the fact is the only inference that can be drawn and is not a product of speculation or conjecture).

In both *Calvetti* and *Cruse*, the compelling factual circumstances were (1) the occurrence of the accident (and resultant injury) in a location that, in the absence of an innocent explanation, implies that the defendant was negligent; (2) the fact that any further evidence of the cause of the accident, including evidence that the accident was not the result of the defendant's negligence, was solely within the defendant's power to supply; and (3) the defendant's failure—*despite a full opportunity to supply such evidence*—to testify to any facts that would allow the fact finder to conclude that the accident was not caused by the defendant's negligence.

As we have noted, it was crucial in both the *Calvetti* court and the *Cruse* case that the defendant testified as to the circumstances of the accident. In neither case did the Dead Man's Act prevent the defendant from explaining the facts leading up to the accident. Each defendant had a full opportunity to do so, but simply failed to introduce evidence that the accident was the result of something other than the defendant's negligence.

However, the situation in *Reid*—and in the case at bar—is materially different because of the operation of the Dead Man's Act. Assuming that *Calvetti* and *Cruse* create a rebuttable presumption of a cause of action for negligence, that presumption is grounded in crucial part on the defendant's opportunity (and the defendant's failure) to supply an alternate explanation of the accident by testifying directly to the circumstances themselves. We believe it would be unfair to extend any such evidentiary rule to a case where the Dead Man's Act prevents the defendant from providing such rebuttal testimony. In effect, to combine the *Cruse* "presumption" with the Dead Man's Act would saddle the defendant with a duty to speak while simultaneously requiring him to remain silent.

Under the Dead Man's Act, a plaintiff representing the estate of a person killed in an accident may prevent the driver-defendant from testifying on his own behalf "to any conversation with the deceased *** or to any event which took place in the presence of the deceased." (Ill. Rev. Stat. 1991, ch. 110, par. 8—201.) No exception to the Dead Man's Act applies here, and we agree with the parties that the trial court properly excluded Cotto's affidavit and deposition testimony. The parties also do not dispute that Cotto was the only person who could testify directly as to the circumstances that led to the acci-

dent. As a result of the exclusion of Cotto's testimony, the defendants were legally unable to introduce any direct evidence to support an innocent explanation of the accident.

Under these circumstances, we believe that the holdings of *Calvetti* and *Cruse* cannot be imposed mechanically on the factual situations in *Reid* or in the case *sub judice*. As we have noted, crucial to *Calvetti* and *Cruse* was not only the fact that the accident occurred under circumstances normally suggestive of negligence, but also that an evidentiary inequality existed between the parties, *i.e.*, only the defendant could testify to the circumstances leading up to the accident. In a case such as *Reid* or the one at bar, the Dead Man's Act seals the defendant's lips. Where the Dead Man's Act applies, *neither* party is able to testify to the circumstances of the accident.

The assumption underlying *Cruse*—that it is fair to require a non-negligent defendant to explain the occurrence of an accident that appears to have resulted from his negligence—does not apply where the defendant is effectively barred from explaining the accident at all, as in *Reid* or in this case. The *Reid* court appeared to recognize the conundrum created by the concurrent application of *Cruse* and the Dead Man's Act when it held that evidence of the defendant's safe driving habits was admissible "to give [the defendant] *some chance* of rebutting the inference of negligence." (Emphasis added.) (*Reid*, 224 Ill. App. 3d at 820.) We depart from *Reid* in that we believe that a more just and accurate reading of *Calvetti* and *Cruse* is that any inference of negligence does not apply where the defendant is deprived of an opportunity to contest the inference of negligence by the conventional means emphasized in those earlier opinions.

With this conclusion in mind, we hold that summary judgment was properly granted defendants. With no occurrence evidence and no other factual basis to sustain his complaint, plaintiff will be unable to establish the elements of a cause of action in negligence. The fact finder may not infer negligence from the mere accident itself. (*Waite*, 157 Ill. App. 3d at 620.) Any recovery would necessarily be based on speculation or conjecture, which is insufficient. Plaintiff failed to establish a factual basis for his claim, and he has in effect conceded he will be unable to prove the elements of that claim. Therefore, defendants are entitled to judgment as a matter of law.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and COLWELL, JJ., concur.