735 N.E.2d 706 (2000)
315 Ill. App.3d 1153
249 Ill.Dec. 102
In re S.W., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Rashon W., Respondent-Appellant).
No. 1-99-2541.
Appellate Court of Illinois, First District, Fifth Division.
August 18, 2000.
*707 Rita A. Fry, Public Defender of Cook County, Chicago (Bruce C. Landrum, Assistant Public Defender, of counsel), for Appellant.
Richard A. Devine, State's Attorney of Cook County, Chicago (Renee Goldfarb, Jennifer Streeter and Karen Donoso, of counsel), for Appellee.
Justice QUINN delivered the opinion of the court:
This is an appeal from the decision of the circuit court of Cook County granting the State's motion for summary judgment and finding respondent, Rashon W., to be an unfit parent on the basis of depravity and thereby terminating his parental rights pursuant to section 1(D)(i) of the Adoption Act (the Act) (750 ILCS 50/1(D)(i) (West 1998)). The finding of depravity was based on respondent's conviction for first degree murder which took place within 10 years of the filing of the petition to terminate his parental rights. 750 ILCS 50/1(D)(i) (West 1998). Respondent contends on appeal that the trial court erred in granting the State's motion for summary judgment where the court retroactively applied newly amended section 1(D)(i) of the Act. For the reasons that follow, we affirm.
The following facts are relevant to this appeal. On December 17, 1993, S.W., born March 8, 1992, was taken into custody due to environmental neglect on the part of her mother. The parental rights of the mother are not at issue in this appeal. On December 21, 1993, the State filed a petition to adjudicate S.W. a ward of the court. On May 15, 1995, S.W. was adjudicated neglected and made a ward of the court. S.W. was placed with her current foster parents in February 1996.
On December 10, 1997, the State filed a petition to terminate respondent's parental rights. Respondent filed an answer to the petition on June 22, 1998. On October 30, 1998, the State filed a motion for leave to amend the petition to terminate parental rights to include newly amended section 1(D)(i) of the Act. The trial court granted the State's motion. The State then filed a motion for summary judgment on November 30, 1998. The State argued that there was no genuine issue of material fact contained in the petition. The State specifically asserted that because respondent was convicted of first degree murder on September 15, 1992, this conviction was within 10 years of the filing of the petition to terminate his parental rights and, as a result, creates a rebuttable presumption that respondent is depraved under section 1(D)(i) of the Act.
*708 In response, respondent argued that he was 15 when the incident leading to his conviction and subsequent incarceration occurred. Respondent also argued that his efforts to rehabilitate himself while incarcerated created doubt that he was depraved. As evidence of his rehabilitation efforts, respondent submitted an unsigned and unsworn affidavit in which he averred that he had obtained a General Equivalency Diploma while incarcerated and that he was working toward an associate degree in science. Respondent further averred that his family maintained contact with S.W.
At the hearing on the State's motion for summary judgment and petition to terminate respondent's parental rights, the sole witness, Robert Jakel, a case manager assigned to the case, testified that respondent began writing letters to S.W. in November 1998 and sent the last letter in March 1999. The last contact respondent had with S.W. prior to sending letters was in 1993 when S.W. still resided with her mother.
Following arguments of counsel, the trial court found that there was no issue of material fact and that respondent is an unfit parent based on depravity. The trial court said that it considered the evidence presented by respondent but that it also considered the fact that respondent had committed the murder after the conception of the child. The court found that respondent's actions led to his sentence of 27 years and this resulted in his inability to parent S.W. After a subsequent hearing, the trial court found that it was in S.W.'s best interest to terminate respondent's parental rights and appointed a guardian with the right to consent to S.W.'s adoption. Respondent appeals only the finding of unfitness.
Respondent contends that the trial court erred in applying newly amended section 1(D)(i) to his case. Respondent argues that the retroactive application of this amendment violates his due process rights.
Section 1(D)(i) of the Act formerly provided that when a parent was convicted of the murder of any child or of the murder of a parent of the child to be adopted, that conviction created a presumption that the parent was depraved which could only be overcome by clear and convincing evidence. 750 ILCS 50/1(D)(i) (West 1996).
Effective June 30, 1998, the legislature amended section 1(D)(i) to include the following:
"There is a rebuttable presumption that a parent is depraved if that parent has been criminally convicted of either first or second degree murder of any person as defined in the Criminal Code of 1961 within 10 years of the filing date of the petition or motion to terminate parental rights." 750 ILCS 50/1(D)(i) (West 1998).
Respondent specifically argues that because the statute was amended in June 1998, which was subsequent to the State filing a petition to terminate his parental rights, the amended section 1(D)(i) is inapplicable to him and interferes with his vested right to a relationship with his child. The State responds that the amended statutory language was properly applied to respondent and does not impair his vested rights.
In general, a reviewing court applies the law as it exists at the time of the appeal unless doing so would interfere with a vested right. In re K.P., 305 Ill. App.3d 175, 178, 238 Ill.Dec. 375, 711 N.E.2d 478 (1999). Although not capable of a precise definition, a vested right is an interest that is protected from legislative interference by our due process clause (Ill. Const.1970, art. I, § 2). A vested right has also been described as "an expectation that is so far perfected that it cannot be taken away by legislation" or a "complete and unconditional demand or exemption that may be equated with a property interest." First of America Trust Co. v. Armstead, 171 Ill.2d 282, 290-91, 215 Ill.Dec. 639, 664 N.E.2d 36 (1996).
*709 Although respondent asserts that he has a vested right in his relationship with his child, this court has held that a parent's right or interest in his child does not amount to an absolute vested right. In re Ladewig, 34 Ill.App.3d 393, 398, 340 N.E.2d 150 (1975); see also In re Sheltanya S., 309 Ill.App.3d 941, 950, 243 Ill.Dec. 441, 723 N.E.2d 744 (1999). The substance of section 1(D) of the Act supports this holding. Section 1(D) is a list of the statutory grounds that will support a finding of unfitness; it is not a list of parental rights. In re B.R., 282 Ill.App.3d 665, 670, 218 Ill.Dec. 404, 669 N.E.2d 347 (1996); K.P., 305 Ill.App.3d at 178, 238 Ill.Dec. 375, 711 N.E.2d 478. Contrary to respondent's assertion, amended section 1(D)(i) does not automatically lead to a termination of parental rights based upon a first degree murder conviction within 10 years of the filing of the petition to terminate parental rights. Rather, the statute clearly states that the first degree murder conviction creates a rebuttable presumption. As the legislature has an ongoing right to amend a statute to include rebuttable presumptions which may be applied retroactively (See First National Bank v. King, 165 Ill.2d 533, 542, 209 Ill.Dec. 199, 651 N.E.2d 127 (1995)), we hold that the recent amendment to section 1(D)(i) of the Act applies to the instant case.
We next address whether the trial court erred in granting the State's motion for summary judgment where the respondent provided evidence to rebut the presumption of depravity. Juvenile court proceedings based on allegations of abuse or neglect are considered to be civil in nature. In re Urbasek, 38 Ill.2d 535, 543, 232 N.E.2d 716 (1967); In re Christenberry, 69 Ill.App.3d 565, 567, 26 Ill.Dec. 93, 387 N.E.2d 923 (1979). Parties in such juvenile cases may move for summary judgment in their favor. In re E.L., 152 Ill.App.3d 25, 31, 105 Ill.Dec. 288, 504 N.E.2d 157 (1987). Summary judgment is a drastic measure and should only be granted where the pleadings, depositions and affidavits show that there is no genuine issue of material fact. Where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. First of America Trust Co. v. First Illini Bancorp, Inc., 289 Ill.App.3d 276, 283, 226 Ill.Dec. 248, 685 N.E.2d 351 (1997). If reasonable persons could draw different inferences from undisputed facts, summary judgment should be denied. Smith v. Armor Plus Co., 248 Ill.App.3d 831, 839, 187 Ill.Dec. 625, 617 N.E.2d 1346 (1993). We conduct a de novo review of the trial court's decision to grant summary judgment.
Termination of parental rights is a drastic measure. It is a determination that the person as a matter of law should not continue in the legal status as parent and removes the entire bundle of parental rights, custodial and noncustodial. In re D.R., 307 Ill.App.3d 478, 482, 241 Ill.Dec. 93, 718 N.E.2d 664 (1999). As a result, we must review the facts of each termination of parental rights case with close scrutiny. In re M.W., 199 Ill.App.3d 1050, 1052-53, 146 Ill.Dec. 17, 557 N.E.2d 959 (1990). Parental unfitness is determined with reference to section 1(D) of the Adoption Act. The State must prove by clear and convincing evidence at least one statutory ground of parental unfitness. In re M.S., 302 Ill.App.3d 998, 1002, 235 Ill.Dec. 969, 706 N.E.2d 524 (1999).
Here, the State based its petition on the statutory ground of depravity. Depravity is defined as an inherent deficiency of moral sense and rectitude. In re Abdullah, 85 Ill.2d 300, 53 Ill.Dec. 246, 423 N.E.2d 915 (1981). It has been held that a felony conviction is insufficient, in and of itself, to provide an adequate basis for a determination of unfitness on the ground of depravity. The statutory ground of depravity requires the trier of fact to closely scrutinize the character and credibility of the person. However, as stated above, the recent amendment to section (1)(D)(i) establishes a rebuttable presumption where the parent has been convicted of first degree *710 murder within 10 years of the filing of the petition to terminate parental rights. 750 ILCS 50/1(D)(i) (West 1998). Defendant was given ample opportunity to present evidence to rebut the presumption (Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)) as evidenced by his response to the State's motion for summary judgment, his motion to dismiss the State's motion, and the offer of Robert Jakel's testimony at the summary judgment hearing.
The State asserts that the evidence respondent presented was insufficient to rebut the presumption of depravity. Rebuttable presumptions shift the burden of proof. Smith v. Tri-R Vending, 249 Ill. App.3d 654, 661, 188 Ill.Dec. 808, 619 N.E.2d 172 (1993). Such presumptions recognize that certain facts, in the absence of further evidence, provide a prima facie case which shifts the burden to go forward with evidence to the respondent. See Smith, 249 Ill.App.3d at 661, 188 Ill.Dec. 808, 619 N.E.2d 172.
Here, there was no genuine issue of material fact as to whether respondent met the statutory requirements of depravity. He was convicted of first degree murder, a crime inherently deficient in a moral sense. Furthermore, this crime was committed in 1992; within 10 years of the filing of the date of the petition to terminate parental rights. While defendant submitted an unsigned and unsworn affidavit recounting his rehabilitation efforts, such statements cannot be considered on review. See Cano v. Village of Dolton, 250 Ill.App.3d 130, 140, 189 Ill.Dec. 883, 620 N.E.2d 1200 (1993). The record, however, does contain pleadings indicating defendant was young at the time of the murder and was attempting rehabilitation while incarcerated, as well as the testimony of Robert Jakel, S.W.'s case manager, who testified that respondent wrote letters to S.W. for approximately five months. We hold that this evidence, without more, is insufficient to rebut the presumption of depravity. Furthermore, had defendant's affidavit been properly before this court, there remains insufficient evidence to rebut the presumption of depravity.
Accordingly, the judgment of the circuit court of Cook County terminating respondent's parental rights is affirmed.
Affirmed.
THEIS, P.J., and HARTMAN, J., concur.